This is an appeal from an order granting a petition for a writ of mandamus.
Dr. William C. Walsh (appellant) is deputy secretary-treasurer of the Teachers' Retirement System of Alabama (TRS). TRS administers a pension plan for teachers and other persons employed in the public education system in Alabama. Section 16-25-14, Code 1975, requires TRS to offer retirement benefit options to these employees. The "maximum benefit" option allows an employee to receive maximum pension benefits until his death, but provides no further benefits to a beneficiary, such as a surviving spouse or dependent. Under other options, an employee may elect to have benefits paid to a beneficiary in exchange for a reduction in the benefit amount. To calculate the reduced benefit amount due under each option, TRS must refer to an actuarial table for a factor used in computing the reduced benefit.
The calculation of benefits is currently done by computer, using a formula. However, when the calculation is done manually, the actuarial table is referred to for a factor utilized in the manual calculation.
Alton R. Barnes (appellee) is a life insurance agent who primarily represents Massachusetts Mutual Life Insurance Company (Mass. Mutual). He is a resident of Alabama. In September 1987 Barnes became acquainted with Tom Burke, a Mass. Mutual district manager from Florida. Burke and his company had developed a system whereby it offered teachers an annuitized life insurance policy as an alternative to selection of the survivorship benefit option of a pension plan. Burke had already begun marketing the plan in four other states, and he offered appellee the opportunity to market the plan in Alabama.
In order to assure the accuracy of the plan, appellee would have to obtain a copy of the actuarial tables that have the factors used by TRS in calculating the optional benefits. He learned that the actuarial tables could not be reproduced without knowledge of the factors and statistics used in their calculation. Appellee requested a copy of the tables from TRS. Appellant, acting in his official capacity, refused to release a copy of the tables to appellee.
On subsequent requests, appellant continued to refuse to release the tables. Appellee then filed a petition for a writ of mandamus to compel appellant to deliver a copy of the tables to him. Appellee relied on § 36-12-40, Code 1975, which provides in pertinent part: "Every citizen has a right to inspect and take a copy of any public writing of this state, except as otherwise expressly provided by statute." Appellant denied that the actuarial tables are "public records" within the purview of the statute. The parties agreed to forgo trial and submit the case to the court on the pleadings, depositions, and other documentary evidence.
On July 1, 1988, the circuit court issued an order expressly finding that: "the reduction factor tables are public writings and must be disclosed under Ala. Code § 36-12-40 (1975). Stonev. Consolidated *Page 35 Publishing Company, 404 So.2d 678 (Ala. 1981)." Further, the court ordered appellant to supply appellee with a copy of the tables within ten days. Appellant filed a motion to reconsider or, alternatively, to stay the order pending appeal. The court denied the motion to reconsider, but granted the stay. Walsh appealed. We affirm.
The dispositive issue, as the trial court clearly addressed, is whether the reduction tables referred to for calculating optional benefits are "public writings", such that they are subject to inspection upon demand as required by the statute. Resolution of this issue requires careful consideration of the disclosure statute as interpreted by our supreme court inStone, the most recent case construing the statute.
Stone held first that a "public record" is the same as a "public writing" for purposes of § 36-12-40, Code 1975. However, Stone recognized that Holcombe v. State, 240 Ala. 590,200 So. 739 (1941), cannot be considered as conclusive authority for the proposition that a record which is not required by law to be kept is not a "public writing" or "public record" for inspection purposes.
The tables are not kept by TRS as a mere matter of choice. The tables are required for TRS to meet its legal obligation to provide specific services to its members. The tables in question are periodically referred to by TRS for manual calculations of the options required by statute to be offered. Without the conversion factors in the tables, such manual computation could not be performed; notwithstanding that TRS is mandated by statute to offer the optional benefit plans. Clearly, although the calculation is currently performed by computer, TRS must maintain such tables in the event manual computation is utilized. Thus, the stricter of the twoStone standards is met. The lesser Stone standard of "reasonably necessary" is clearly met, as the tables are no doubt "reasonably necessary" to the calculation of retirement benefits and thus reasonably necessary to conducting public business by TRS.
In Stone, the supreme court also made clear that some records kept by public officials may not be within the purview of §36-12-40. Such records include: (1) sensitive personnel records, (2) records of pending criminal investigations, and (3) records the disclosure of which would be detrimental to the best interests of the public. Appellant contends that the tables fall within the last category, and that release of these tables to insurance companies would result in the dissemination of false information resulting in confusing the employees. In response, appellee asserts that failure to release the tables would actually result in greater confusion because, absent the tables, one cannot accurately calculate the cost of survivorship benefits. However, with the tables, the calculation is more accurate, and therefore, the information given to a potential client is more accurate, allowing one to make a more informed choice. Appellee's argument is persuasive.
Finally, appellant contends that because appellee seeks the tables for a commercial purpose, disclosure should not be required. Section 36-12-40 makes no distinction between disclosure for profit or otherwise. There is no exception under § 36-12-40 disallowing one to inspect or copy public writings simply because one desires to use such for personal gain.
As clearly set out in Stone, absent legislative limitations, it is for the courts to apply a rule of reason in determining what is a public writing for inspection purposes. It is not required of this court to establish exact boundaries to apply in all cases. The right to inspect public writings in Alabama is a statutory grant which must be determined by the facts and circumstances in each situation. Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.
INGRAM, J., concurs.
HOLMES, P.J., dissents.