I agree that, absent legislative limitations, it is for the courts to apply a rule of *Page 36 
reason in determining what is a public writing for inspection purposes.
However, as to the conclusion that the tables in question here are public writings, I must respectfully dissent, although I must note that I do so with some reservations.
Clearly, this court has been presented with a close question, and, arguably, it is just a matter of "line drawing." However, it would appear to me that the tables in this instance do not fall within the definition of a public writing set out inStone, 404 So.2d 678.
Here, the tables in issue are a set of numerical factors which have been developed by TRS's actuarial consultants and can be used to calculate optional benefits. These tables do not record the business and activities of TRS, but, rather, are simply mathematical conversion factors.
Clearly, it is TRS's responsibility to provide teachers with estimates of optional benefits. However, it appears to me that the conversion factors developed and used by TRS to determine these optional benefits are similar to a work product and would not be the type writing the legislature intended to be a public record pursuant to Ala. Code (1975), § 36-12-40.
For these reasons, I must dissent.