This appeal is from a judgment granting a permanent injunction ordering the members of the Shelby County Commission and the director of the Shelby County Personnel Department (hereinafter collectively referred to as "the Commission") to make certain resumes and employment applications available to the Birmingham News Company ("the News"). We affirm.
The Commission, pursuant to Ala. Code 1975, § 11-3-11(19), created the position of "coordinator of water and sewer services" ("coordinator"). The position was created for the purpose of marketing the water and sewer services offered by Shelby County.
Although not required by statute or local law to advertise or to follow personnel hiring procedures, the Commission placed advertisements in area newspapers soliciting applications for the newly created position. The Commission received applications from 31 persons, five of whom were interviewed by the Commission.
After the Commission appointed Greg Rushton, a former Shelby County Commissioner, as coordinator, questions were raised regarding the selection process used *Page 855 
to fill the position. The News requested access to the applications, resumes, and other related materials that the Commission had received in connection with its selection of the new coordinator.
Upon the Commission's denial of the request, the News filed suit, contending that the denial of access to the application materials violated Alabama's "Open Records Act," Ala. Code 1975, § 36-12-40 (Supp. 1988), and asked the circuit court to permanently enjoin the Commission from denying the News access to the requested materials. The Commission argued, among other things, that its personnel policy, adopted by resolution, provided that the information in the application materials sought by the News was confidential and accessible only to the Commission or to the individual applicant. Furthermore, the Commission contended that the application materials fall within three exceptions to the requirement of public disclosure as set out in Stone v. Consolidated Publishing Co., 404 So.2d 678
(Ala. 1981): 1) recorded information received by a public officer in confidence; 2) sensitive personnel records; and 3) records the disclosure of which would be detrimental to the public's best interest.
The trial court, in granting a permanent injunction in favor of the News, entered the following judgment:
 "The court has carefully considered the standards set forth in Stone v. Consolidated Pub. Co., 404 So.2d 678 (Ala. 1981), with regard to the disclosure of public writings.
 "The court has examined [in camera] each and every resume and application furnished, together with the Stone [opinion and] Code 1975, § 36-12-40. Most contain cover letters, none of which request that their resume or application be kept confidential, nor do any applications request that the fact they even applied or submitted a resume be kept confidential from their employers.
 "The position announcement makes no mention of confidentiality, and though Shelby County's Personnel Director stated that all applications were deemed confidential through standard policy, he could not recall making a promise of confidentiality to any applicant.
 "The documents submitted to the court titled as 'resume' and 'application for employment' in connection with the position of Coordinator, Water and Sewer Services, are reasonably necessary to record the business activities required to be done or carried on by a public officer so as to make the documents 'public writings' within the meaning and definition of § 36-12-40. None are confidential, nor do any contain sensitive material which would require them to be an exception to the established disclosure laws.
 "The court finds that the disclosure of these applications and resumes, as public records or writings, will in no way be detrimental to the best interest of the public. The court has balanced the interests of the citizens of this state in knowing what their public officials are doing, and whom they are hiring and rejecting, against the interest of the general public in having the business of government carried out efficiently and without undue influence.
 "The court concludes that, when the public's dollars fund county government, the public has a right to know not only the information these public officials desire to make public, but also all other information which is neither sensitive nor confidential. Without this right, the public is forced into receiving just that information that public officials allow to be discussed at open public meetings — a practice that is contrary to the fundamental and essential principles of democracy and of established public policy. Public information may not be sifted through by public officials and trickled down to the citizens of this state at the whim of those officials. If the public finds information regarding the workings and mechanics of the hiring of county government employees to be interesting, and desires to inquire into those interworkings, it has the right to do so in a reasonable manner if said information is in the form of a public writing and is neither sensitive nor confidential. *Page 856 
 "Accordingly, [the request by the News] for a permanent injunction is hereby GRANTED. [The Commission is] hereby ordered to make available those 'resumes' and 'applications for employment,' along with the cover letters attached thereto, in connection with the inquiries or applications for the position of Coordinator, Water and Sewer Services, in order that representatives of [the News] may inspect and copy said documents, without further delay, and, in no event later than seven (7) days following the entry of this Order."
The Commission appealed from this judgment; however, we find no basis for reversal.
In Stone, supra, we held that a "public writing," as encompassed by § 36-12-40, is a record "reasonably necessary to record" the required business and activities of a public officer "so that the status and condition of such business and activities can be known by our citizens," and we recognized that the news media are "clearly appropriate vehicles" through which the citizens of this state can be informed of the business and activities of the public officials. We then wrote:
 "This is not to say, however, that any time a public official keeps a record, though not required by law, it falls within the purview of § 36-12-40. McMahan v. Trustees of the University of Arkansas, 255 Ark. 108, 499 S.W.2d 56 (1973). It would be helpful for the legislative department to provide the limitations by statute as some states have done. Absent legislative action, however, the judiciary must apply the rule of reason. State v. Alarid, 90 N.M. 790, 568 P.2d 1236 (1977). Recorded information received by a public officer in confidence, sensitive personnel records, pending criminal investigations, and records the disclosure of which would be detrimental to the best interests of the public are some of the areas which may not be subject to public disclosure. Courts must balance the interest of the citizens in knowing what their public officers are doing in the discharge of public duties against the interest of the general public in having the business of government carried on efficiently and without undue interference. MacEwan v. Holm, 226 Or. 27, 359 P.2d 413 (1961)."
Stone, 404 So.2d at 681. Additionally, § 36-12-40 states, in pertinent part, that "every citizen has a right to inspect and take a copy of any public writing of this state."
We have paid particular attention to the language inStone that seeks to prescribe exceptions to the public disclosure requirement of public writings and records, together with the language in § 36-12-40. It is clear from the wording of § 36-12-40 that the legislature intended that the statute be liberally construed. In addition, we note, statutes intended for the public benefit are to be construed in favor of the public. Gant v. Warr, 286 Ala. 387, 240 So.2d 353 (1970).
To put the Stone "exception" language into perspective, along with the language of § 36-12-40, we offer the following guidance. There is a presumption in favor of public disclosure of public writings and records expressed in the language of §36-12-40. Limitations to the broad language of the statute are, nevertheless, necessary, and, as stated in Stone, absent legislative action, the judiciary has to apply the "rule of reason." However, it must be noted that this "rule of reason" shall not be applied so as to hamper the liberal construction of § 36-12-40. The exceptions set forth in Stone must be strictly construed and must be applied only in those cases where it is readily apparent that disclosure will result in undue harm or embarrassment to an individual, or where the public interest will clearly be adversely affected, when weighed against the public policy considerations suggesting disclosure. These questions, of course, are factual in nature and are for the trial judge to resolve. Moreover, the Stone
exceptions should not come into play merely because of some perceived necessity on the part of a public official or established office policy. Furthermore, because there is a presumption of required disclosure, the party refusing *Page 857 
disclosure shall have the burden of proving that the writings or records sought are within an exception and warrant nondisclosure of them.
Doubtless, exceptions to the broad language of § 36-12-40 are needed and should be applied under appropriate circumstances. But, we emphasize that these exceptions must be narrowly construed and their application limited to the circumstances stated herein, for it is the general rule, and has been the policy of this state for a number of years, to advocate open government. The Stone exceptions were not intended, nor shall they be used, as an avenue for public officials to pick and choose what they believe the public should be made aware of.
Therefore, the trial court's judgment is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES, ADAMS, HOUSTON and STEAGALL, JJ., concur.