I concur in the judgment of the Court insofar as it affirms the trial judge's denial of these plaintiffs' access to the disputed records in the absence of an explanation. In Stone v.Consolidated Publishing Co., 404 So.2d 678, 681 (Ala. 1981), this Court articulated a rule requiring courts to "balance the interest of the citizens in knowing what their public officers are doing . . . against the interest of the general public in having the business of government carried on efficiently and without undue interference." We further clarified this rule inChambers v. Birmingham News Co., 552 So.2d 854 (Ala. 1989). In that case we said:
 "The exceptions set forth in Stone must be strictly construed and must be applied only in those cases
where it is readily apparent that disclosure will result in undue harm or embarrassment to an individual, or where the public interest will clearly be adversely affected, when weighed against the public policy considerations suggesting disclosure. . . .
 "Doubtless, exceptions to the broad language of § 36-12-40 are needed and should be applied under appropriate circumstances. But, we emphasize that *Page 252 
these exceptions must be narrowly construed and their application limited to the circumstances stated herein. . . ."
Id. at 856-57 (emphasis added). Thus, under our law, whether the custodian of public information may legally refuse to allow inspection of records within his custody depends on the factsand circumstances of the particular case.
The facts of this case justify the trial judge's refusal to enjoin the defendants from requiring these particular plaintiffs to fill out a short questionnaire. However, in my view, the majority opinion sweeps too broadly, inasmuch as it can be read as authorizing custodians of public information to require all seekers of such information to answer a questionnaire, in effect, providing a "blanket" exception to §36-12-40. Such a rule is not only inconsistent with prior pronouncements of this Court, but, in contravention of the statute's strong policy favoring disclosure, such a rule goes a long way toward shifting to those seeking information the burden of justifying their actions. It can serve only to chill society's exercise of its fundamental right of access to information. Therefore, I respectfully dissent from the majority opinion to the extent that it affirms the judgment of the trial court denying the injunction against the general use of the questionnaire.