KENNEDY, Justice.
The defendant appeals from a judgment granting a permanent injunction to the plaintiff, the Birmingham News Company (“the News”). The injunction requires Hoyt Bedingfield to produce, for public dissemination, an internal audit report of the offices of the Birmingham city council.
Bedingfield, the director of the Department of Finance for the City of Birmingham, raises the issues of whether the audit report is a “public writing” and thereby subject to disclosure, and, if so, whether nondisclosure is nevertheless dictated on the basis that public disclosure would adversely affect the public interest.
This case arose after Bedingfield had refused to release to the News copies of two internal audit reports. It was Beding-field’s policy to refuse requests for public access to any departmental audit report, in favor of releasing one comprehensive year-end financial statement for the City of Birmingham.
Of the two internal audit reports requested by the News, the first, a Birmingham Police Department Vice and Narcotics Division audit, was disseminated publicly while this case was pending. The second requested audit, which is the subject of this *1380 appeal, is an internal audit report that was requested by the city council’s president through the Birmingham mayor’s office. This audit was requested to aid the council office, by a frank evaluation of its fiscal management and policies.
In response, Bedingfield approved the commencement of the audit and stated its scope in a memorandum to the city council offices, as follows:
“Review all financial activity (including imprest fund).
“Determine whether proper administrative controls are in place to assure vacation, compensatory time and other leave are properly documented and reported.
“Determine whether proper authorization exist[s] for granting of travel advances, salary advance[s] and pay raises.
“Review compliance with executive orders and travel regulations.
“Determine whether proper authorization exists for the purchase of goods and services.”
The final audit, report contained the Department of Finance’s opinions regarding the city council office’s fiscal management and policies, as well as suggestions for improvement.
The trial court, hearing ore tenus evidence, determined that the audit report was a “public writing” falling under no exception to the requirement of public disclosure. See, Ala.Code 1975, § 36-12-40.
When a trial court makes findings of fact based on ore tenus testimony, its judgment based on those findings is presumed correct and will not be reversed unless the appellate court finds, based on the evidence, that the judgment was plainly and palpably wrong. Moore v. Williams, 519 So.2d 1337 (Ala.1988).
Here, we conclude that the trial court’s judgment is supported by the evidence. Ala.Code 1975, § 36-12-40, provides that “[ejvery citizen has a right to inspect and take a copy of any public writing of this state, except as otherwise provided by statute.” A “public writing” is defined as “such a record as is reasonably necessary to record the business and activities required to be done or carried on by a public officer[,] so that the status and condition of such business and activities can be known by our citizens.” Stone v. Consolidated Pub. Co., 404 So.2d 678, 681 (Ala. 1981).
In the present case, Bedingfield argues that the audit was not “reasonably necessary” to record and advise the public of the activities carried on by the city council offices, because, he says, the information underlying the audit was already available to the public by virtue of the annual release of the comprehensive financial statement. Bedingfield states that members of the public have access to the facts and can, therefore, make their own informed opinions.
However, the evidence indicates that the audit report was “reasonably necessary” to inform the public of the activities of the council office because there was no other communication available to the public, that showed what kind of “report card” the City gave to itself, with regard to the fiscal efficiency of the council offices, or what strategies the City was examining for the future. Absent access to this report, the citizens of Birmingham cannot determine whether the City is correctly identifying any needed improvements within the council offices or speak to any proposed strategies for policy changes.
Accordingly, we hold that the audit report is a “public writing” within the meaning of Ala.Code 1975, § 36-12-40.
Even though we hold that the audit report is a public writing, Bedingfield asserts that the audit report falls within a § 36-12-40 exception to the requirement of public disclosure, because, he argues, public disclosure would be contrary to another statute. The exception limits the requirement of public disclosure where nondisclosure is “otherwise expressly provided by statute.”
Bedingfield argues that the Mayor-Council Act of 1955, Act No. 452, 1955 Ala.Acts, codified in the Birmingham City Code, forbids public disclosure where disclosure of *1381 records “would tend to defeat the lawful purpose which they are intended to accomplish.” Bedingfield argues that disclosure would “ ‘shut down’ or severely impact the City’s internal audit function” because, he says, “confidential information, candid expression and freely expressed opinion would be eliminated from the process.” We disagree.
First, there is no evidence that any “confidential” communication is in issue. Second, we neither presume, nor would we condone, a refusal of any public official to express public information in a fully truthful and straightforward manner. Such a refusal would clearly he an invalid reason for denying public disclosure in the present case. We find that neither § 36-12-40 nor the Mayor-Council Act of 1955 entertains an exception to public disclosure on the basis that disclosure would result in an official’s improperly refusing to be forthright. The public has a right to assume that those in positions of trust will be forthright. Under these facts, we will not make an exception to the requirement of public disclosure of a public writing; such an exception would amount to a rejection of a public official’s solemn obligation of forthrightness.
Because we find legally sufficient evidence to support the trial court’s judgment in favor of the News and hold no exception to the mandate of public disclosure is applicable here, we affirm the judgment of the trial court.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES and HOUSTON, JJ., concur.