Hank Lynn requested the clerk of the Cordova Municipal Court to provide him copies of the city's municipal court dockets. The clerk provided him copies of those documents, but on those copies the names of all juvenile defendants and all defendants granted youthful offender status had been redacted. Lynn, dissatisfied, petitioned for a writ of mandamus, asking the circuit court to compel the clerk to provideunredacted copies of the dockets. He argued that he should be allowed unedited dockets because, he said, he needed them to determine whether to sue the City of Cordova. The circuit court granted the writ and ordered that the clerk provide the requested dockets without redacting the names of juveniles or youthful offenders. The clerk appealed to the Alabama Supreme Court, which transferred this case to this court pursuant to Ala. Code 1975, § 12-2-7(6). We reverse and render a judgment denying the writ.
The clerk argues that Ala. Code 1975, § 12-15-100, prohibits him or her from releasing to Lynn dockets containing the names of juvenile offenders. In addition, the clerk admits that Ala. Code 1975, § 15-19-7(b), allows a trial court, in its discretion, to permit the inspection of documents pertaining to those persons who have been granted youthful offender status. However, the clerk argues that the trial court abused its discretion in this case by ordering the disclosure of those records without a legitimate reason for disclosure and for a vague and unspecified purpose.
Lynn contends that the clerk is raising for the first time on this appeal the argument that § 12-15-100 precludes the release of the names of juvenile offenders and, therefore, that this court cannot consider this argument. See Rule 4(a)(3), Ala. R.App. P. The Rule 10(d), Ala. R.App. P., statement of the evidence approved by the trial court, however, indicates that the clerk did argue that Lynn was not entitled to the names of juvenile offenders appearing on the dockets. Although the Rule 10(d) statement of evidence *Page 168 
does not include a citation to § 12-15-100, we find that the issue was raised below; therefore, we address the applicability of § 12-15-100.
Section 12-15-100(c) specifically provides that the court records, including the docket, pertaining to a juvenile offender are open to inspection generally by only the following people: the judge, the probation officers, and the professional staff assigned to serve the court; the representatives of a public agency that the court determines to have a legitimate interest in the case; the probation and other professional staff assigned to serve a criminal court; the child's parent or guardian, counsel, and guardian ad litem; the principal of the school in which the child is enrolled; and the parties in the juvenile case and their counsel or representatives. The clerk argues that Lynn is not qualified under § 12-15-100(c) to inspect the dockets pertaining to any juvenile offender and, therefore, that the trial court erred as a matter of law in ordering it to provide unredacted dockets to Lynn. We agree. Lynn is not a judge, probation officer, or other professional staff person who is permitted access to these records. He is not a party to any of the cases; he is not a parent to any of the delinquent children. He has no right under the statute to inspect the docket, and the trial court erred by ordering the production of the names of juvenile offenders to Lynn.
Section 15-19-7(b) allows the trial court the discretion to permit inspection of the records of a person adjudicated a youthful offender. The clerk argues that the reasons stated by Lynn were insufficient to allow him access to the names of persons adjudicated to be youthful offenders and that, by granting Lynn that access, the trial court abused its discretion under that statute. We agree.
The purposes of the youthful offender statute include providing persons below the age of 21 years an informal and confidential rehabilitative system, Raines v. State, 294 Ala. 360, 317 So.2d 559 (1975), and protecting those persons from "the stigma and practical consequences of a criminal prosecution and conviction." Hunt v. State, 453 So.2d 1083,1087 (Ala.Crim.App. 1984), overruled on other grounds by, Exparte Marek, 556 So.2d 375 (Ala. 1989). In fact, the Court of Criminal Appeals has noted that the State has an interest in protecting the anonymity of youthful offenders, just as the State protects the anonymity of juveniles. Hunt, 453 So.2d at 1087.
The only reason Lynn gave to support his right to the unredacted dockets was that he needed them to determine whether to sue the city. According to the Rule 10(d) statement of evidence, he gave no further explanation and stated no basis for an action against the city. However, he contends that this reason overcomes the legislatively mandated confidentiality of youthful offender records under § 15-19-7(b). Lynn also argues that the confidentiality requirement of § 12-15-100 can be overcome by his stated reason for the release of the docket information. Neither argument has merit. Allowing Lynn access to the names of juvenile and youthful offenders for such a speculative reason contradicts the very purpose of the juvenile and youthful offender statutes.
The appellate courts have allowed access to the records of juveniles and youthful offenders in rare instances when the juvenile is a party to another action, Ex parte State Farm Fire Casualty Co., 529 So.2d 975 (Ala. 1988); where the constitutional right to confrontation is involved, Thomas v.State, 445 So.2d 992 (Ala.Crim.App. 1984); or where the evidence contained in those records is necessary and relevant to a criminal proceeding, Yelder v. State, 575 So.2d 131
(Ala.Crim.App. 1990), rev'd in part on other grounds, Ex parteYelder, 575 So.2d 137 (Ala. 1991). Lynn, however, has not demonstrated a reason that can overcome the confidentiality and anonymity provided by the juvenile and youthful offender statutes. Therefore, we conclude that the trial court abused its discretion by allowing Lynn access to the names of juvenile and youthful offenders.
Lynn argues that the ore tenus rule, which grants a presumption of correctness to the trial court's findings of fact based upon ore tenus evidence, mandates an affirmance in this case. He is incorrect; the ore tenus rule does not apply to this case. The facts in *Page 169 
this case are largely undisputed; according to the Rule 10(d) statement of the evidence, Lynn wants the dockets to aid him in deciding whether to sue the city. The only decision for the circuit court to make was whether Lynn's stated reasons entitled him to the unredacted dockets. No presumption of correctness exists as to the trial court's application of the law to the facts. Medical Association of the State of Alabamav. Shoemake, 656 So.2d 863 (Ala.Civ.App. 1995); see alsoAllstate Insurance Co. v. Skelton, 675 So.2d 377 (Ala. 1996) (stating that when material facts are undisputed, an appeal concerns the application of the law to those facts and no presumption of correctness attaches to the trial court's judgment).
Lynn also argues that Ala. Code 1975, § 36-12-40, which grants the public the right to inspect and copy public records, entitles him to the unredacted dockets. We agree with Lynn's assertions that the statute states a presumption in favor of the disclosure of public records and that, according to our Supreme Court, exceptions to the statute should be narrowly construed. Chambers v. Birmingham News Co., 552 So.2d 854
(Ala. 1989). Although the Supreme Court has indicated that the courts are to use the "rule of reason" in determining whether a restriction on the right of access to public records granted by § 36-12-40 is warranted, that rule is to be used only in theabsence of legislative action. Chambers, 552 So.2d at 856. The legislature has clearly voiced its intention not to allow public access to juvenile and youthful offender records and has stated the contrary intention to secure their confidentiality. Therefore, the admonition in Chambers that a court should "appl[y] [exceptions to § 36-12-40] only in those cases where it is readily apparent that disclosure will result in undue harm or embarrassment to an individual, or where the public interest will clearly be adversely affected, when weighed against the public policy considerations suggesting disclosure," does not apply to this case. Id.
Because Lynn's reason behind his alleged need of the docket information is not sufficient to overcome the requirement of confidentiality of juvenile and youthful offender records, the trial court erred in granting the writ of mandamus and directing the clerk to produce unredacted copies of the dockets. Therefore, we reverse the trial court's judgment and render a judgment denying the writ of mandamus.
REVERSED AND JUDGMENT RENDERED.
ROBERTSON, P.J., and YATES, MONROE, and THOMPSON, JJ., concur.