Consolidated Publishing, Inc. ("Consolidated"), the publisher of The Daily Home, a newspaper distributed in Talladega County, sued the Water Works and Sewer Board of the City of Talladega ("the Water Board"), and its custodian of records, George Montgomery, in the Talladega Circuit Court to enjoin the Water Board from denying Consolidated access to certain records of the Water Board. Consolidated argued that it was entitled to the records under Alabama's "Open Records Act," § 36-12-40, Ala. Code 1975. The Water Board argued that because it is a public corporation it is not required to abide by the provisions of the Open Records Act.
After a hearing, the trial court found that the Water Board was subject to the Open Records Act, but that some of the records requested by Consolidated fall within exceptions to that Act and are therefore shielded from public disclosure. The Water Board appeals from the trial court's holding that it is subject to the Open Records Act (case no. 1020228); Consolidated appeals from the trial court's holding that some of the requested documents are not to be disclosed because they fall within exceptions to the Act (case no. 1020311). On January 21, 2003, this Court consolidated the two cases. We affirm in part, reverse in part, and remand.
 I.
The first issue is whether § 36-12-40, Ala. Code 1975, the Open Records Act, applies to the Water Board, a public corporation organized under § 11-50-310 et seq., Ala. Code 1975. The facts are not disputed. "This Court's review of the application of the law to the undisputed facts is de novo." Lyons v. Norris,829 So.2d 748, 750 (Ala. 2002). Accordingly, we attach no presumption of correctness to the trial court's judgment.
 II.
Public corporations were initially authorized by the Legislature as a means for municipalities to finance improvements to their utilities infrastructure without running afoul of constitutional and statutory debt limitations, as well as to shield municipalities from the large financial obligations that often accompany such utilities projects. Coxe v. Water Works Bd.of Birmingham, 288 Ala. 332, 337, 261 So.2d 12, 15-16 (1972). Yet public corporations have typically maintained close relationships with the municipalities that create them. For example, in the case before us, the Water Board has operated out of the Talladega City Hall for most of its existence, and its members are selected by the Talladega City Council.
It is the obligation of this Court when interpreting a statute "to ascertain and effectuate the intent of the legislature as expressed in the statute," here the Open Records Act. Employees'Retirement Sys. of Alabama v. Head, 369 So.2d 1227, 1228 (Ala. 1979). As the State of Alabama states in its amicus curiae brief: *Page 862 
 "There has been considerable confusion over the existence and legal status of public corporation utilities, primarily because the reported cases are inconsistent in their analysis. It is possible to find a public corporation utility case to support almost any proposition. . . ."
Compare Langham v. State, 662 So.2d 1201 (Ala.Crim.App. 1994) (holding that utility boards are subject to state ethics laws), with Water Works Sewer Bd. of Selma v. Randolph,833 So.2d 604, 608 (Ala. 2002) ("We conclude that the Sunshine Law does not apply to a public corporation organized under § 11-50-310 et seq., such as the Water Works and Sewer Board of the City of Selma.").[1]
The Open Records Act is remedial and should therefore be liberally construed in favor of the public. As we stated inChambers v. Birmingham News Co., 552 So.2d 854, 856 (Ala. 1989):
 "It is clear from the wording of [the Open Records Act] that the legislature intended that the statute be liberally construed. In addition, we note, statutes intended for the public benefit are to be construed in favor of the public. Gant v. Warr, 286 Ala. 387, 240 So.2d 353 (1970)."
 III.
The Open Records Act provides that "[e]very citizen has a right to inspect and take a copy of any public writing of this state, except as otherwise expressly provided by statute." (Emphasis added.) The term "public writing" is not defined in the Alabama Code. Consolidated urges this Court to equate the terms "public writing" and "public record" and to apply, in interpreting the Open Records Act, the definition of "public record" that appears in § 41-13-1, Ala. Code 1975:
 "As used in this article, the term `public records' shall include all written, typed or printed books, papers, letters, documents, and maps made or received in pursuance of law by the public officers of the state, counties, municipalities and other subdivisions of government in the transactions of public business. . . ."
(Emphasis added.) Consolidated then hopes to show that the Water Board is a "subdivision of government" and that, by extension, it is subject to the Open Records Act. This argument is appealing; however, this Court in Stone v. ConsolidatedPublishing Co., 404 So.2d 678, 680 (Ala. 1981), declined to equate the terms "public writing" and "public record." Although recognizing that the Legislature may not have intended to make a distinction between the terms, this Court stated:
 "Construing these statutes [§ 36-12-40 and § 41-13-1] in pari materia, we hold that the `public writing' spoken of in Code 1975, § 36-12-40, is such a record as is reasonably necessary to record the business and activities required to be done or carried on by a public officer so that the status or condition of such business and activities can be known by our citizens."
404 So.2d at 681. Since Stone, this Court has consistently applied that definition of "public writing" to questions arising under the Open Records Act. See, e.g., Ex parte Gill,841 So.2d 1231, 1233-34 (Ala. 2002); Birmingham News Co. v. Muse,638 So.2d 853, 854 (Ala. 1994); and Chambers, 552 So.2d at 856.
It is clear that the operative term in the Stone definition of "public writing" for purposes *Page 863 
of this case is the term "public officer." In other words, if the employees of the Water Board are considered "public officers," then the records "reasonably necessary to record the business and activities required to be done or carried on by [the Water Board employees]" are "public writings" and must be disclosed under §36-12-40. The term "public officer" is defined in the Alabama Code, not coincidentally, in the same title and chapter as the Open Records Act. We choose to employ this definition of "public officer or servant" in our application of the Stone definition of "public writing." Section 36-12-1, Ala. Code 1975, reads:
 "A public officer or servant, as used in this article, is intended to and shall include, in addition to the ordinary public offices, departments, commissions, bureaus and boards of the state and the public officers and servants of counties and municipalities, all persons whatsoever occupying positions in state institutions."
(Emphasis added.) The Water Board employees are not officers or servants of the State; therefore, the crucial question is whether they are officers or servants of a municipality.
 IV.
The Water Board was established by the City of Talladega as a public corporation and has operated out of the Talladega City Hall for most of its existence. The members of the Water Board are appointed by the Talladega City Council. The Water Board performs a municipal function, namely, supplying water and sewer services to the residents of Talladega. Because public corporations perform municipal functions, they have long been held to be agencies of the municipality they serve, regardless of their organizational structure. See, e.g., Carson v. City ofPrichard, 709 So.2d 1199, 1205 (Ala. 1998); State ex rel.Richardson v. Morrow, 276 Ala. 385, 162 So.2d 480, 482 (1964); and Jackson v. Hubbard, 256 Ala. 114, 53 So.2d 723, 728 (1951). This Court stated in an advisory opinion issued in 1938:
 "When the city is performing a governmental function, it is none the less so because it is done by the instrumentality of some administrative agency, such as a board, commission, or even a corporation set up for that purpose, created by or for the city's use in that connection.
 "The mere fact that it is a corporation does not deprive it of the qualities of a governmental agency. . . ."
Opinions of the Justices, No. 45, 235 Ala. 485, 486,179 So. 535, 536 (1938) (emphasis added). Because the Water Board has the qualities of an agency of the City of Talladega, we hold that its employees are public officers and servants of the City of Talladega for purposes of the Open Records Act. See City ofMontgomery v. Water Works Sanitary Sewer Bd. of Montgomery,660 So.2d 588, 594 (Ala. 1995) ("A member of the Water and Sewer Board could be considered an officer of the City."). Therefore, the records of the Water Board that are "reasonably necessary to record the business and activities required to be done or carried on by [the Water Board employees]" are public writings and must be disclosed to the public pursuant to the terms of the Open Records Act "so that the status or condition of such business and activities can be known by our citizens." Stone,404 So.2d at 681.
 V.
Consolidated has filed a cross-appeal, arguing that the trial court erred in ruling that some of the records Consolidated requested fall within exceptions to the Open Records Act; however, before we address that argument, we must address the Water Board's claim that we do not have jurisdiction to hear the issues raised in Consolidated's cross-appeal. *Page 864 
On October 4, 2002, the trial court entered an interlocutory order partially granting the injunctive relief requested by Consolidated. On October 24, the Water Board filed its notice of appeal to this Court. However, although either party has the automatic right under Rule 4(a)(1), Ala. R.App. P., to appeal within 14 days of an order granting or refusing injunctive relief, the Water Board styled its notice of appeal as a permissive appeal of an interlocutory order made pursuant to Rule 5, Ala. R.App. P. The Water Board complied with all the requirements of Rule 5, including the requirement that its appeal contain a certificate from the trial court stating that the appeal concerns a controlling question of law. The certificate stated that that controlling question of law was whether the Open Records Act applies to public corporations. On October 29, Consolidated filed its cross-appeal.
The Water Board argues that there is no mechanism by which an opposing party can file a cross-appeal to a permissive appeal made pursuant to Rule 5 and that Consolidated's appeal does not meet the requirements to stand on its own as a permissive appeal taken pursuant to Rule 5. Therefore, the Water Board argues, Consolidated must have an independent basis for its appeal, and, the Water Board notes, Consolidated's time for filing an appeal as of right pursuant to Rule 4(a)(1) expired on October 18. The Water Board asserts that this Court is therefore without appellate jurisdiction to review the issues presented in what Consolidated calls its cross-appeal.
Consolidated argues that even though the Water Board labeled its appeal a permissive appeal, it was in fact an appeal as of right made pursuant to Rule 4(a)(1). Consolidated notes that the Water Board's notice of appeal was filed within the time requirements of Rule 4(a)(1), and that the notice of appeal was accompanied by security for costs, which is not required for a Rule 5 permissive appeal until permission to appeal is granted. Consolidated argues that the Water Board's appeal should be treated as a Rule 4(a)(1) appeal, and that Consolidated's cross-appeal, filed within 14 days of the date the Water Board filed its appeal, is therefore timely pursuant to Rule 4(a)(2), Ala. R.App. P.
This Court has long held that it may consider court filings according to their substance, not their label. In Ex parteDeramus, 882 So.2d 875, 876 (Ala. 2002), we stated:
 "[T]he mere mislabeling of a motion is not fatal. King Mines Resort, Inc. v. Malachi Mining Minerals, Inc., 518 So.2d 714, 718 (Ala. 1987). This Court has stated that it is `committed to the proposition that it will treat a motion (or other pleading) and its assigned grounds according to its substance.' King Mines Resort, 518 So.2d at 718; see also Lockhart v. Phenix City Inv. Co., 488 So.2d 1353 (Ala. 1986), and Sexton v. Prisock, 495 So.2d 581 (Ala. 1986). Further, the Court has held that `[t]he substance of a motion and not its style determines what kind of motion it is.' Evans v. Waddell, 689 So.2d 23, 26 (Ala. 1997)."
Rule 4(a), Ala. R.App. P., reads, in relevant part:
 "(1) Except as otherwise provided herein, in all cases in which an appeal is permitted by law as of right to the supreme court or to a court of appeals, the notice of appeal required by Rule 3 shall be filed with the clerk of the trial court within 42 days (6 weeks) of the date of the entry of the judgment or order appealed from, or within the time allowed by an extension pursuant to Rule 77(d), Alabama Rules of Civil Procedure. In appeals from the following orders or judgments, the notice of appeal shall be filed within 14 days (2 weeks) of the date *Page 865 
of the entry of the order or judgment appealed from: (A) any interlocutory order granting, continuing, modifying, refusing, or dissolving an injunction, or refusing to dissolve or to modify an injunction. . . ."
A party may not relieve itself of the mandatory requirements of Rule 4(a)(1) by seeking a permissive appeal under Rule 5. A party may not escape the requirement that a notice of appeal must be filed within 14 days by seeking a permissive appeal within 28 days. In the case before us, the Water Board had the right pursuant to Rule 4(a)(1) to appeal the trial court's October 4 order. The Water Board filed its notice of appeal on October 17; therefore, Consolidated had the right to file a cross-appeal within 14 days of the Water Board's appeal pursuant to Rule 4(a)(2). Its October 29 cross-appeal was timely, and this Court has jurisdiction over the issues raised in its cross-appeal.[2]
 VI.
In its cross-appeal, Consolidated argues that the trial court erred in ruling that, even though the Water Board is subject to the Open Records Act, some of the requested records fall within exceptions to the Act identified by this Court in Stone. InStone, 404 So.2d at 681, this Court stated:
 "It would be helpful for the legislative department to provide the limitations by statute as some states have done. Absent legislative action, however, the judiciary must apply the rule of reason. State v. Alarid, 90 N.M. 790, 568 P.2d 1236 (1977). Recorded information received by a public officer in confidence, sensitive personnel records, pending criminal investigations, and records the disclosure of which would be detrimental to the best interests of the public are some of the areas which may not be subject to public disclosure. Courts must balance the interest of the citizens in knowing what their public officers are doing in the discharge of public duties against the interest of the general public in having the business of government carried on efficiently and without undue interference."
Consolidated argues that, because the Legislature has since taken action to exclude several types of records from the Open Records Act, the Stone rationale no longer applies, and courts should no longer consider exceptions to the Act that are not rooted in statute.[3] Consolidated further argues that even if this Court is unwilling to abandon the exceptions listed inStone, the Water Board failed to affirmatively show that those exceptions apply to the records sought in this case. SeeChambers, 552 So.2d at 856-57 ("because there is a presumption of required disclosure, the party refusing disclosure shall have the burden of proving that the writings or records sought are within an exception and warrant nondisclosure of them").
We decline to abandon the Stone balancing test; "absent legislative action" as to a particular class of records, we will continue to apply a rule of reason and "balance the interest of the citizens in knowing what their public officers are doing . . . against the interest of the general *Page 866 
public in having the business of government carried on efficiently and without undue interference." 404 So.2d at 681. However, in the case before us, the trial court's October 4 order exempted certain records of the Water Board from immediate public disclosure because, it found, those records came within theStone exception for "pending criminal investigations." In 1998, the Legislature enacted § 12-21-3.1(b), Ala. Code 1975, which codified this exception:
 "(b) Law enforcement investigative reports and related investigative material are not public records. Law enforcement investigative reports, records, field notes, witness statements, and other investigative writings or recordings are privileged communications protected from disclosure."
This "legislative action" defines the scope of the exception from the Open Records Act for records that are part of a pending criminal investigation. In the case before us, it is unclear what records the trial court exempted from disclosure under theStone pending-criminal-investigation exemption; however, the records exempted appear to include documents not covered by §12-21-3.1(b).[4] We therefore reverse the trial court's order insofar as it protects from disclosure under the Open Records Act documents of the Water Board related to a pending criminal investigation, and we remand the cause for consideration of whether those documents are included in the documents exempted under § 12-21-3.1(b).
The trial court's October 4 order also stated that the disciplinary records of two Water Board employees were exempt from disclosure as "sensitive personnel records" under Stone.
Unlike the pending-criminal-investigation exception, there has been no clear legislative pronouncement on this exception; we, therefore, apply the rule-of-reason balancing test. The Water Board argued before the trial court that the employees whose disciplinary records were being sought were involved in the appeal process, and that the publication of information gleaned from incomplete disciplinary records would be misleading and might cause unwarranted public embarrassment for the employees. The trial court apparently agreed, ordering that the employees' disciplinary records be kept confidential "until such time as their appeals shall conclude," at which time the trial court would determine whether the records should be disclosed.
This Court has not previously defined the limits of the "sensitive personnel records" exception; however, we find persuasive an attorney general's opinion that has considered the issue.[5] In Op. Att'y Gen. No. 96-00003 (October 4, 1995), the attorney general responded to an inquiry from the Mobile Board of Education regarding what teacher personnel information must be made public pursuant to a request made under the Open Records Act. After quoting from this Court's opinion in Stone, the attorney general concluded that "[in] general, applications,disciplinary actions, and memoranda of reprimand are documents reasonably necessary to conduct business, and thus subject to disclosure. . . ." Op. Att'y Gen. No. 96-00003, p. 4 (emphasis added). The attorney general also noted, however, that when a proceeding is pending that may result in disciplinary action, *Page 867 
additional factors must be considered in determining whether the records are subject to disclosure:
 "In general, if the board intends to take adverse action against the employee as a result of the investigation, the employee must be afforded his rights under the Fourteenth Amendment to the United States Constitution, as well as any requirements set out in applicable state laws. In addition to complying with procedural due process, it is important to determine whether an employee's liberty interest is affected by the use and/or retention of such reports. The Eleventh Circuit Court of Appeals has held that a person has been deprived of a liberty interest when `. . . (1) a false statement (2) of a stigmatizing nature (3) attending a government employee's discharge (4)[is] made public (5) by the governmental employer (6) without a meaningful opportunity for employee name clearing.' Buxton v. City of Plant City, Fla., 871 F.2d 1037, 1042 (11th Cir. 1989)."
Op. Att'y Gen. No. 96-00003, p. 6.
The Water Board has stated that two of its employees whose disciplinary records Consolidated seeks are appealing the disciplinary action. Presumably, the appeal process provides "a meaningful opportunity for employee name clearing." If the Water Board were to release the requested disciplinary records before the conclusion of that appeal process or some other name-clearing proceeding, the affected employees might be deprived of a liberty interest. Thus, the rule-of-reason balancing test weighs against the immediate disclosure of those records. However, once the affected employees have had a meaningful opportunity to clear their names, any danger that the employees will have been deprived of a liberty interest by the disclosure of the records is removed. At that time the disciplinary records are no longer "sensitive personnel records" entitled to protection underStone. Therefore, the trial court's ruling is affirmed insofar as it ordered that the pending disciplinary records of the Water Board employees should be kept confidential until the appeal process is concluded.
 VII.
Because employees of the Water Board are officers and servants of the City of Talladega, the Water Board is subject to the Open Records Act. We affirm the trial court's October 4, 2002, order insofar as it holds that the Water Board is subject to the Open Records Act. We also affirm the trial court's order insofar as it holds that the disciplinary records of the Water Board employees, during the appeal process, fall within the Stone exception for "sensitive personnel records." We reverse the trial court's order insofar as it exempts from the Open Records Act documents related to a pending criminal investigation and remand the cause for consideration of whether those documents are among those documents covered by § 12-21-3.1(b).
MOTION TO DISMISS CROSS APPEAL DENIED; AFFIRMED IN PART; REVERSED IN PART; REMANDED.
HOUSTON, LYONS, BROWN, JOHNSTONE, HARWOOD, WOODALL, and STUART, JJ., concur.
[1] The Court in Randolph noted that the question whether a public corporation might be subject to the Sunshine Law as a "board, body, or commission to which is delegated any legislative or judicial function" would "have to await another day."Randolph, 833 So.2d at 609 (opinion on rehearing).
[2] Consolidated is not using Rule 4(a)(2) to appeal an issue that was otherwise not appealable. See FDIC v. Loyd,955 F.2d 316, 319 (5th Cir. 1992) (holding that Rule 4(a)(3), Fed.R.App. P., the federal rule equivalent to Rule 4(a)(2), Ala. R.App. P., does not give a party an appeal of right where one did not exist).
[3] Consolidated states that the Alabama Code now includes at least 80 statutory exemptions to the Open Records Act. See,e.g., § 22-11A-69 (shielding records of investigations into health-care workers infected with HIV or hepatitis B), and §15-23-69(b) (protecting personal information of crime victims).
[4] We note, for example, that a record that would ordinarily be subject to disclosure under the Open Records Act does not become private simply because it is given to law-enforcement personnel.
[5] "While an opinion of the attorney general is not binding, it can constitute persuasive authority." Alabama-TennesseeNatural Gas Co. v. Southern Natural Gas Co., 694 So.2d 1344,1346 (Ala. 1997). *Page 868