MURDOCK, Justice
(concurring specially in part and dissenting in part).
The trial court’s judgment in favor of the Health Care Authority of Lauderdale County and the City of Florence d/b/a Coffee Health Group (“the Health Care Authority”) was based on its conclusion *1040 that the Health Care Authorities Act of 1982, § 22-21-310 et seq., Ala.Code 1975 (“the HCA”), excepted the Health Care Authority from Alabama’s Open Records Act. I concur in the main opinion insofar as it concludes that the trial court erred in this legal conclusion. My view of this issue is influenced by the fact that the focus of the pertinent section of the HCA, § 22-21-316(c), Ala.Code 1975, is not on exempting the Health Care Authority itself from the open-meetings law and “similar laws,” but on exempting the meetings of the Health Care Authority from the open-meetings law and similar laws: “The board shall hold regular meetings ..., may hold other meetings ..., and must upon call of the chairman of the authority ... hold a special meeting, none of which meetings shall be subject to the provisions of [the open-meetings law] or other similar law.”
Although I thus agree with the conclusion reached in the main opinion that the trial court’s judgment was based on an improper rationale (i.e., that the Health Care Authority is not governed by the Open Records Act) and therefore must be reversed for that reason, I decline to join in the discussion that follows this conclusion.
In Stone v. Consolidated Publishing Co., 404 So.2d 678, 681 (Ala.1981), this Court provided in reference to the Open Records Act the following definition of a “public writing”: a record “reasonably necessary to record the business and activities required to be done or carried on by a public officer so that the status and condition of such business and activities can be known by our citizens.” (Some emphasis added.) We also identified in Stone some “areas” where, even if a document constitutes a “public writing” or public record, it may be exempt from the requirements of the Open Records Act, and further noted the “rule of reason” and “balancing” that are to attend the application of the stated exemptions or “limitations”:
“This is not to say, however, that any time a public official keeps a record, though not required by law, it falls within the purview of § 36-12-40. McMahan v. Trustees of the University of Arkansas, 255 Ark. 108, 499 S.W.2d 56 (1973). It would be helpful for the legislative department to provide the limitations by statute as some states have done. Absent legislative action, however, the judiciary must apply the rule of reason. State v. Alarid, 90 N.M. 790, 568 P.2d 1236 (1977). [1] Recorded information received by a public officer in confidence, [2] sensitive personnel records, [3] pending criminal investigations, and [4] records the disclosure of which would be detrimental to the best interests of the public are some of the areas which may not be subject to public disclosure. Courts must balance the interest of the citizens in knowing what their public officers are doing in the discharge of public duties against the interest of the general public in having the business of government carried on efficiently and without undue interference. MacEwan v. Holm, 226 Or. 27, 359 P.2d 413 (1961).”
404 So.2d at 681. In Chambers v. Birmingham News Co., 552 So.2d 854, 856 (Ala.1989), this Court stated that the questions that must be answered “are factual in nature and are for the trial judge to resolve.” (Emphasis added.)
It may well be that the bids submitted by the unsuccessful bidders in this case meet the above-quoted definition of a “public writing” as set out in Stone. At the least, it could be argued that the drafts of the definitive agreement and internal emails of employees and board members do not meet that definition. In each instance, *1041 however, the determination whether the documents in question meet that definition and, even if they do, how then to apply the above-referenced “rule of reason” and “ba-lanc[ing]” tests in order to determine if those documents fall within an exemption, are tasks that “are factual in nature and are for the trial judge to resolve.” To the extent the main opinion does not leave it to the trial court to address these matters on remand, I respectfully dissent.