STATE of Missouri ex rel. Gerald Duane
GARRETT, Relator,

v.

The Honorable Milton SAITZ, Judge,
Circuit Court, 21st Judicial Circuit,
Respondent.

No. 61315.

Supreme Court of Missouri,
En Banc.

Feb. 11, 1980.

Rehearings Denied March 11, 1980.

---

Toby H. Hollander, St. Louis, for relator.

Dennis C. Affolter, Clayton, for respondent.

MORGAN, Judge.

This Court granted relator's motion to transfer the case from the Missouri Court of Appeals, Eastern District. Relator seeks ultimately to dismiss and quash his murder indictment by a St. Louis County grand jury on the grounds that the grand jury master list from which the indicting panel was drawn does not represent a cross-section of the St. Louis County community.

In pursuit of a motion to dismiss the indictment, relator filed a "motion for disclosure of data maintained by the (circuit) clerk of the court relating to the master grand jury list." After initially directing the clerk to provide the information sought, the circuit judge denied the motion for disclosure. At this point relator sought a writ of mandamus from the court of appeals to compel disclosure. A preliminary writ was issued and a hearing was held. A peremptory writ was denied in an opinion written by Stephan, J.

Relator had been indicted for murder by a St. Louis County grand jury in the May term, 1975, and for another murder by a St. Louis County grand jury in the January term, 1977. His motion to quash each indictment was based on his allegation that the grand jury master list from which the indicting grand jury was selected "was not representative of a cross-section of the community." He specifically claimed that these "identifiable groups" were underrepresented: (1) minority or non-white persons; (2) women; (3) persons of or near his age of 18; (4) persons of or near his economic class or income; (5) persons from non-professional occupations; and (6) persons from representative geographic locations of St. Louis County.

The record made on the motion on the 1975 indictment was used by stipulation for the similar motion on the 1977 indictment. The cases were considered together by the court of appeals. In the time between that court's decision denying a preemptory writ and the application for transfer to this Court, the court of appeals granted relator's motion for severance of the two cases and dissolved its stay of proceedings on the 1975 indictment. This Court thus considered transfer in the case arising from the 1977 indictment on the basis of the record made in the proceedings on the other case.

Relator contends that without the demographic information he could discover once

he gained the names and addresses of those on the master grand jury list, he has no way to prove the underrepresentation of identifiable groups, which is the basis of his motion to dismiss and quash the indictment. Specifically, relator seeks in his motion "the names, addresses and occupations of past and present persons listed on the master grand jury list." By relator's reasoning, one denial leads to another: denial of the motion for disclosure leaves him with no way to prove his grand jury did not represent a cross-section of the community, and that would be a denial of due process.

The United States Supreme Court has held that a criminal defendant in a state court has a constitutional right to have the grand jury considering his case selected from a fair cross-section of the community. *Carter v. Jury Commission*, 396 U.S. 320, 332, 90 S.Ct. 518, 524, 24 L.Ed.2d 549 (1970); *Brown v. Allen*, 344 U.S. 443, 474, 73 S.Ct. 397, 416, 97 L.Ed. 469 (1953).

The United States Congress has addressed the problem defendants face in gathering information to support claims of discriminatory grand jury selection by the Jury Selection and Service Act of 1968, 28 U.S.C. § 1861 et seq. The statute provides access to jury selection records when a defendant challenges his indicting grand jury.[1]

■ Missouri is not bound by this federal act and has no such state legislation.[2]

The Court is bound, however, by the United States Supreme Court's determination of a state court defendant's constitutional right to have his case considered by a grand jury drawn from a fair cross-section

of his community. This cross-section requirement would be without meaning if a defendant were denied all means of discovery in an effort to assert that right. Thus this Court seeks to devise a simple and efficient method by which a defendant can resolve whether he has a legitimate complaint against the grand jury which indicted him.

■ It is not to relator's advantage to know the names, addresses, and occupations of those on the master grand jury list, because the only identifiable groups recognized so far in equal protection jury selection cases are blacks, persons of Mexican descent[3] and women. Providing criminal defendants with a wide range of information beyond that needed to support a jury challenge would generate an unnecessary imposition on the citizens of this state.

Therefore, this Court orders respondent Judge Milton Saitz to direct the circuit clerk of the 21st Judicial Circuit to make available to relator the demographic information sought, excepting the names, addresses and occupations of those listed, as soon as is practicable. If the clerk does not have in his possession information on race and gender, he should, to comply with this order, obtain it forthwith and thereafter provide relator with that data.

A peremptory writ of mandamus is ordered to issue.

All concur.

1. In challenging a federal grand or petit jury, the federal statute permits a party "as may be necessary in the preparation or presentation of a motion (to dismiss or stay the proceedings)" to have access to "the contents of records or papers used by the jury commission or clerk in connection with the jury selection process." 28 U.S.C. § 1867(f).

2. Nowhere in the legislative history of the federal act, in the Supreme Court's interpretation of the act [*Test v. United States*, 420 U.S. 28, 95 S.Ct. 749, 42 L.Ed.2d 786 (1975)], or in other federal cases under the statute cited to this

Court is such a right of inspection placed on constitutional rather than statutory grounds.

3. Persons of Mexican descent were found to constitute a separate class in Jackson County, Texas, in *Hernandez v. Texas*, 347 U.S. 475, 74 S.Ct. 667, 98 L.Ed. 866 (1950). The petitioner there used evidence of Mexican or Latin American surnames in proving the class. Relator Garrett makes no claim in this case for which the surnames from the St. Louis master grand jury list would have the same evidentiary value.