On Application for Rehearing
The opinion issued on March 20, 1998, is hereby withdrawn, and the following is substituted therefor.
The State of Alabama filed this petition for a writ of mandamus directing the Honorable Joseph L. Battle, circuit judge for the Twenty-third Judicial Circuit, to vacate his order instructing the State to produce the names and addresses of the members who served on the grand jury that indicted Roderick Matthews. Roderick Matthews was indicted by the December 1997 Madison County grand jury for committing a murder during the course of a robbery, an offense made capital by § 13A-5-40 (a)(2), Code of Alabama 1975, and punishable by death. In January 1998, Matthews filed a motion pursuant to Rule 16, Ala. R. Crim. P., seeking discovery of a transcript of the grand jury proceedings and of the names and addresses of the members of the December 1997 grand jury. Judge Battle granted Matthews's discovery motion as to the names of the grand jury members The State filed a motion asking Judge Battle to vacate his order, Judge Battle denied the State's motion, and this petition followed.
Before we may reach the merits of a petition for a writ of mandamus, we must determine if mandamus is the correct method by which to review the lower court's ruling. A petition for a writ of mandamus has been used to review a trial court's ruling on a discovery motion. Ex parte Monk, 557 So.2d 832 (Ala. 1989). This is the State's only available remedy to seek redress from Judge Battle's ruling.
The standard of review in evaluating a petition for a writ of mandamus challenging a discovery ruling was set out by the Alabama Supreme Court in Ex parte Compass Bank, 686 So.2d 1135
(Ala. l996). The Alabama Supreme Court stated:
 "Mandamus is the `proper means of review to determine whether a trial court has abused its discretion in ordering discovery, in resolving discovery matters, and in issuing discovery orders so as to prevent an abuse of the discovery process by either party.' Ex parte Mobile Fixture Equipment Co., 630 So.2d 358, 360 (Ala. 1993). Mandamus is an extraordinary remedy requiring a showing that there is: `(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.' Ex parte Edgar, 543 So.2d 682, B84 (Ala. 1989); Ex parte Alfab, Inc., 586 So.2d 889, 891 (Ala. 1991); Ex parte Johnson, 638 So.2d 772, 773 (Ala. 1994).
 "Because discovery involves a considerable amount of discretion on the part of the trial court, the standard this Court will apply on mandamus review is whether there has been a clear showing that the trial court abused its discretion. Ex parte Clarke, 582 So.2d 1064, 1067 (Ala. 1991); Ex parte McTier, 414 So.2d 460 (Ala. 1982)."
686 So.2d at 1137.
The State asserts that Judge Battle abused his discretion by granting discovery as to the names and addresses of the grand jury members. Matthews asserts that this information is necessary to prepare his challenge to the indictment on the grounds that the grand jury was not representative of a fair cross-section of the community. We recognize that the respondent has a right to challenge the makeup of the grand jury. Rose v. Mitchell,443 U.S. 545, 99 S. Ct. 2993, 61 L.Ed.2d 739 (1979).
"Since the 17th Century, grand jury proceedings have been closed to the public, and records of such proceedings have been kept from the public eye." Matter of Grand Jury Proceedings,942 F.2d 1195, 1198 (7th Cir. 1991). The United States Supreme Court in Douglas Oil Co. of California v. Petrol Stops Northwest,441 U.S. 211, 99 S. Ct. 1667, 60 L.Ed.2d 156 (1979), recognized the reasons for maintaining the secrecy of grand jury proceedings, when they stated:
 "We consistently have recognized that the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings. See, e.g., United States v. Procter Gamble Co., [356 U.S. 677, 78 S. Ct. 983, 2 L.Ed.2d 1077 (1958)]. In particular, we have noted several distinct interest served by safeguarding the confidentiality of grand jury proceedings. *Page 1142 
First, if preindictment proceedings were made public, many prospective witnesses would be hesitant to come forward voluntarily, knowing that those against whom they testify would be aware of that testimony. Moreover, witnesses who appeared before the grand jury would be less likely to testify fully and frankly, as they would be open to retribution as well as to inducements. There also would be the risk that those about to be indicted would flee, or would try to influence individual grand jurors to vote against indictment. Finally, by preserving the secrecy of the proceedings, we assure that person who are accused but exonerated by the grand jury will not be held up to public ridicule.
 "For all of these reasons, courts have been reluctant to lift unnecessarily the veil of secrecy from the grand jury."
441 U.S. at 218-19, 99 S.Ct. 1667.
Section 12-16-214, Code of Alabama 1975, specifically addresses the secrecy of grand jury proceedings; that section mirrors the concerns addressed by the United States Supreme Court in DouglasOil Co. of California. Section 12-16-214 provides:
 "The Legislature hereby finds, declares and determines that it is essential to the fair and impartial administration of justice that all grand jury proceedings be secret and that the secrecy of such proceedings remain inviolate. The provisions of this division are to be construed for the accomplishment of this purpose and to promote the following:
 "(1) That grand juries have the utmost freedom in their discussions, deliberations, considerations, debates, opinions and votes without fear or apprehension that the same may be subsequently disclosed, or that they may be subject to outside pressure or influence or injury in their person or property as a result thereof.
 "(2) That those persons who have information or knowledge with respect to the commission of crimes or criminal acts be encouraged to testify freely and truthfully before an appropriate grand jury without fear or apprehension that their testimony may be subsequently disclosed, or that they may be subject to injury in their person or property as a result thereof.
 "(3) That those persons who have committed criminal acts or whose indictment may be contemplated not escape or flee from the due administration of justice.
 "(4) That those persons falsely accused of criminal acts are not subject to public scrutiny or display and their otherwise good names and reputations are left intact."
There is no precedent in Alabama for discovery of the names and addresses of the grand jury members. Discovery is not constitutionally required; it is specifically afforded in a criminal case by Rule 16, Ala. R. Crim. P. Rule 16 contains no provision that sanctions the discovery of the names of the grand jury members. Indeed, the names of prosecution witnesses are not even discoverable. Rule 16.1 (e), Ala. R. Crim. P. We have found no Alabama authority that supports Judge Battle's ruling.
Alternatively, the respondent argues that Judge Battle's ruling is proper because "the requirement of grand jury secrecy is concerned merely with the grand jury process and procedures, not secrecy of the identity of the grand jurors themselves." State exrel. Baxley v. Strawbridge, 52 Ala. App. 685, 296 So.2d 779
(1974), directly contradicts this claim. It states:
 "The Rule of Secrecy concerning matters transpiring in the Grand Jury room is designed for the protection of the grand jurors in the furtherance of public justice. . . . The cloak of secrecy that has from time immemorial surrounded the grand jury is not only for the protection of jurors and witnesses, but for the protection of the State, the accused, and for society as a whole. Secrecy in the Grand Jury proceedings must be maintained so that the grand jurors will be protected from being subjected to pressures by persons involved in the action . . . . "
The ramifications of disclosing the names of grand jury members are too great to comprehend. It is safe to conclude that the number of indictments would decrease drastically and the function of the grand jury would be greatly hindered if the grand jurors' names were not secret. The secrecy of the grand jury proceedings is well-grounded in this country's jurisprudence and has protected the grand jury system. Matthews is not entitled to this information. *Page 1143 
Obtaining this information is not Matthews's only means of challenging the grand jury composition. There is an alternate means that protects the sanctity of the grand jury proceedings and allows Matthews the information he seeks. The Missouri Supreme Court in State ex rel. Garrett v. Saitz, 594 S.W.2d 606
(Mo. 1980), faced a situation where the accused filed a petition for a writ of mandamus after the lower court refused to order disclosure of demographic data relating to the grand jury master list. The Court observed that the petitioner was not entitled to the names and addresses of the grand jury members. "Providing criminal defendants with a wide range of information beyond that needed to support a jury challenge would generate an unnecessary imposition on the citizens of this state." 594 S.W.2d at 608. Missouri's solution was to release only the demographic data concerning the grand jurors, without providing their names, addresses, or occupations.
We believe that Missouri's solution strikes a workable balance between the State's need to protect the secrecy of the grand jury proceedings and the accused's right to challenge the composition of the grand jury that issued the indictment against him.
Judge Battle should direct the State to disclose to Matthews demographic data concerning the members of the December 1997 Madison County grand jury; including race, gender, and age. However, this information should not include any reference to the names, addresses, or occupations, of the grand jury members.
For the foregoing reasons, this petition is granted in part and denied in part.
OPINION WITHDRAWN; OPINION SUBSTITUTED; APPLICATION OVERRULED; RULE 39 (k) MOTION DENIED; PETITION GRANTED IN PART AND DENIED IN PART.
McMILLAN, COBB, BROWN, and BASCHAB, JJ., concur.