Wal-Mart, Inc., is a defendant in an action filed in the Elmore County Circuit Court by Kenneth Pierce. Wal-Mart petitions this Court for a writ of mandamus directing Judge John Bush to vacate his order compelling Wal-Mart to produce "all customer incident reports and employee accident review forms for all Alabama Wal-Mart Stores for a five year period prior to December 28, 1997." We grant the petition only in part.
Pierce sued Wal-Mart for negligently or wantonly causing injuries to his neck, back, shoulder, and knee at a Wal-Mart store in Wetumpka, Alabama. Pierce suffered his injuries on December 28, 1997, when a boxed 19" television fell from an overhead shelf and struck him. Pierce propounded interrogatories to Wal-Mart and requested the production of documents by Wal-Mart. Specifically, Pierce requested that Wal-Mart produce
 "21. Similar data obtainable through Wal-Marts' `ISD,' which is its `Information Systems Division' in Bentonville, Arkansas. Data comes from `CMI,' `Claims Management, Incorporated,' a wholly-owned subsidiary of Wal-Mart located in Rogers, Arkansas that has handled Wal-Mart liability and worker's Compensation claims since 1993.
". . . .
 "29. For each and every occurrence wherein a person has been injured by falling merchandise at [a] Wal-Mart Store, please provide in magnetic media form, such 3 1/2; inch ASCI disk, the following information organized in chronological order by date of loss:
"1. Claim Number;
"2. Date of Loss;
"3. State of Loss;
"4. Store Number; *Page 820 
"5. Last Name and First Name of the person involved;
"6. Description of the Incident a/k/a Claim Description;
"7. Loss Code;
"8. Loss Location; and
"9. Company Number.
 "30. For each and every occurrence wherein a person has been injured by falling merchandise at a Wal-Mart Store, please provide in magnetic media form, such 3 1/2; inch ASCI disk, the following information organized in chronological order by claim number:
"1. Claim Number;
"2. Date of Loss;
"3. State of Loss;
"4. Store Number;
"5. Last Name and First Name of the person involved;
"6. Description of the Incident a/k/a Claim Description;
"7. Loss Code;
"8. Loss Location; and
"9. Company Number.
 "31. For each and every occurrence wherein a person has been injured by falling merchandise at a Wal-Mart Store, please provide in magnetic media form, such 3 1/2; inch ASCI disk, the following information organized in chronological order by store numbers within that state:
"1. Claim Number;
"2. Date of Loss;
"3. State of Loss;
"4. Store Number;
"5. Last Name and First Name of the person involved;
"6. Description of the Incident a/k/a Claim Description;
"7. Loss Code;
"8. Loss Location; and
"9. Company Number.
 "32. For each and every occurrence wherein a person has been injured by falling merchandise at a Wal-Mart Store, please provide in magnetic media form, such 3 1/2; inch ASCI disk, the following information organized in chronological order by date of loss:
 "1. State the style, case number, county and state (if Federal Court the District and Division) for each lawsuit;
 "2. IDENTIFY all attorneys of record and the party they represent; *Page 821 
"3. Claim Number;
"4. Date of Loss;
"5. State of Loss; and
"6. Store Number.
 "33. For each and every occurrence wherein a person has been injured by falling merchandise at a Wal-Mart Store, please provide in magnetic media form, such 3 1/2; inch ASCI disk, the following information organized in chronological order by claim number:
 "1. State the style, case number, county and state (if Federal Court the District and Division) for each lawsuit;
 "2. IDENTIFY all attorneys of record and the party they represent;
"3. Claim Number;
"4. Date of Loss;
"5. State of Loss; and
"6. Store Number.
 "34. For each and every occurrence wherein a person has been injured by falling merchandise at a Wal-Mart Store, please provide in magnetic media form, such 3 1/2; inch ASCI disk, the following information organized in chronological order by state of loss, and within each state organized in chronological order by store numbers within that state:
 "1. State the style, case number, county and state (if Federal Court the District and Division) for each lawsuit;
 "2. IDENTIFY all attorneys of record and the party they represent;
"3. Claim Number;
"4. Date of Loss;
"5. State of Loss; and
"6. Store Number.
 "35. Complete Incident Reports concerning each and every occurrence wherein a person has been injured by falling merchandise in the Wal-Mart Store, located at Wetumpka, Alabama."
Wal-Mart objected to the request for production on the ground that the requests were "overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence." Pierce moved the trial judge to compel Wal-Mart to answer the interrogatories and to produce the requested documents.
Following a hearing, the trial judge entered an order, in pertinent part:
 "The court having heard [Pierce's] Motion to Compel Interrogatory Answers and Requests for Production of Documents against defendant Wal-Mart . . ., the court finds and orders defendant Wal-Mart to produce and respond as follows:
 "1. Produce all customer incident reports and employee accident review forms for all Alabama Wal-Mart Stores for a five year period prior to December 28, 1997."
In response to the trial judge's order, Wal-Mart moved for a protective order and asserted again that the requested information was "overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence." The trial judge denied the motion for a protective order. Wal-Mart then petitioned this Court for a writ of mandamus.
"A writ of mandamus is an extraordinary remedy that requires the showing of: (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty on the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the court." Ex parte State FarmMut. Auto. Ins. Co., 761 So.2d 1000, 1002 (Ala. 2000) (quoting Ex parteMcNaughton, 728 So.2d 592, 594 (Ala. 1998)).
Mandamus is the appropriate method of review of discovery orders. Exparte State Farm Mut. Auto. Ins. Co.. The use of a writ of a mandamus to compel or to prohibit discovery is restricted because of the discretionary nature of a discovery order. Id. See also Ex parte Bean,703 So.2d 329 (Ala. 1997).
Rule 26, Ala.R.Civ.P., provides, in pertinent part:
 "(b) Discovery Scope and Limits. Unless otherwise limited by order of the court in accordance with these rules, the scope of discovery is as follows:
 "(1) In General. Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.
 "The frequency or extent of use of the discovery methods set forth in subdivision (a) shall be limited by the court if it determines: . . . (iii) that the discovery is unduly burdensome or expensive, taking into account the needs of the case, the amount in controversy, limitations on the parties' resources, and the importance *Page 822 
of the issues at stake in the litigation."
"This rule is construed broadly to allow a party to obtain relevant information needed in the preparation of the case. Ex parte Clarke,582 So.2d 1064 (Ala. 1991)." Ex parte Heilig-Meyers Furniture Co.,684 So.2d 1292, 1294 (Ala. 1996). This Court has held:
 "Discovery is not limited to matters competent as evidence at trial. `Relevant,' as that word is used in the discovery rules, means relating to the subject matter of the action and having a reasonable possibility that the information will lead to other evidence that will be admissible; to be relevant, information need not itself be competent as evidence at trial. Rule 26(b)(1), A.R.Civ.P., Plitt v. Griggs, 585 So.2d 1317 (Ala. 1991)."
Ex parte Thomas, 628 So.2d 483, 485 (Ala. 1993). "A trial court has very broad discretion in discovery matters, and its ruling on discovery matters will not be reversed absent a clear abuse of discretion." Exparte Wal-Mart Stores, Inc., 682 So.2d 65, 67 (Ala. 1996) (holding thatthe trial judge did not abuse his discretion in ordering essentially thesame discovery the trial judge in the case now before us is ordering).
It is undisputed that CMI, a wholly owned subsidiary of Wal-Mart, handles customer claims and workers' compensation claims made against Wal-Mart. It is also undisputed that, through a computer system called "DAVID," CMI maintains a database of customer incident reports from all Wal-Mart stores. Further, it is undisputed that CMI can conduct "runs" from the database to determine what falling-merchandise injuries had occurred before Pierce's injury, at each Wal-Mart store. The trial judge limited Pierce's request for customer incident reports and employee accident review forms to Alabama stores and to a five-year period. Thus, because Wal-Mart or CMI can "run" a report of incidents similar to the one that Pierce reported, Wal-Mart's production of the customer incident reports and employee accident review forms about falling-merchandise incidents would not unduly burden Wal-Mart or its attorneys. Nor would such discovery be unduly expensive for Wal-Mart.
We must next determine whether the requests were calculated to lead to the discovery of admissible evidence. Pierce sued Wal-Mart for wantonness, as well as for negligence. To prove a claim of wantonness, a plaintiff must show that the defendant "with reckless indifference to the consequences . . . consciously and intentionally did some wrongful act or omitted some known duty which produced the result." Lewis v. Zell,279 Ala. 33, 36, 181 So.2d 101 (1965). "Wantonness may arise from knowledge that persons, though not seen, are likely to be in a position of danger, and with conscious disregard of known conditions of danger and in violation of law brings on the disaster." Id. "Knowledge need not be shown by direct proof. It may be made to appear, like any other fact, by showing circumstances from which the fact or actual knowledge is a legitimate inference." Griffin Lumber Co. v. Harper, 247 Ala. 616, 620,25 So.2d 505, 508 (1946). Thus, discovery of falling-merchandise incidents within Alabama for the five-year period before Pierce's injury could lead to admissible evidence of Wal-Mart's knowledge of the danger that merchandise falling from overhead storage would cause injury to customers. See Ex parte Heilig-Meyers Furniture Co., supra.
Therefore, the law would have authorized the trial judge to order discovery of all falling-merchandise incidents within the geographic and temporal limits he imposed. His only abuse of discretion was in ordering discovery of all other types of *Page 823 
incident as well. While Pierce had sought discovery only of falling-merchandise incidents, the trial judge ordered discovery even beyond the scope of Pierce's requests. Specifically, the trial judge ordered discovery of "all customer incident reports and employee accident review forms" within the geographic and temporal limits.
Accordingly, the relief sought by the petition for writ of mandamus is due only in part. Mandamus relief is not due to prevent discovery of falling-merchandise incidents; to that extent the petition is denied. We will, however, grant the petition in part and issue a writ of mandamus directing the trial judge to limit his discovery order to falling-merchandise incidents.
WRIT GRANTED.
Moore, C.J., and Houston, See, Lyons, Brown, Harwood, Woodall, and Stuart, JJ., concur.