Pro se, Robert C. Gill, an inmate at the Donaldson Correctional Facility, petitions this Court for a writ of mandamus directing Morgan County Circuit Judge Sherrie W. Brown to vacate her denial of his requests for copies of certain documents and to order the circuit clerk of that county to copy the documents and to "forward" the copies to Gill at his address in the penitentiary.[1] The petition is denied for the reasons we will explain.
Gill mailed the circuit clerk a signed document which reads:
"IN THE CIRCUIT COURT OF MORGAN COUNTY, ALABAMA
"Robert C. Gill
"Requester,
"To: Hon. John Pat Orr
"Circuit Clerk, Morgan
"4th Floor
"P.O. Box 668
"Decatur, Alabama 35602
 "REQUEST PURSUANT TO THE RIGHTS OF CITIZENS TO INSPECT AND COPY PUBLIC WRITINGS/FREEDOM OF INFORMATION ACT
 "Comes now the requester, Robert C. Gill, and moves this Hon. Circuit Court Clerk, John Pat Orr, pursuant to the right of citizens to inspect and Copy Public Writings/Freedom of Information Act, Title 36, Section 12-40 of the Code *Page 1233 
of Ala. 1975, Ex parte [State] of Alabama v. Roderick Matthews, 724 So.2d 1140, for the following:
 "All information requested is in reference to Robert C. Gill [v.] State of Alabama, CC-95-43.60
 "1. A copy of the Grand Jury Foreperson from 1980-2000, including the Race, Gender, and Age, Sex.
 "2. A copy of the demographic data concerning members of Grand Jury including Race, Gender, and Age of the Spring Term 1995, Grand Jury No: 5591
"Done this 21st day of November, 2000.
"Respectfully Submitted,
"/s/ Robert C. Gill
"Robert C. Gill #168741
"100 Warrior Lane
"Bessemer, Alabama 35203"
During the several preceding weeks, Gill had mailed the circuit clerk two similar requests. One of the preceding requests specifically adds thenames of the grand jury forepersons to the specification of the information Gill seeks.
Because Gill's requests referred to his case number CC-95-43.60, a Rule 32, Ala.R.Crim.P., petition on Judge Brown's docket, the circuit clerk took Gill's requests to Judge Brown, who issued an order which reads, in pertinent part:
 "The Court has reviewed petitioner's Request Pursuant To The Rights Of Citizens To Inspect And Copy Public Writings/Freedom Of Information Act, and determines that said request is due to be and hereby is DENIED."
Gill then petitioned the Court of Criminal Appeals for its writ of mandamus; but that court dismissed Gill's petition without explanation. Gill finally petitioned us for our writ.
The State, on behalf of the respondent Judge Brown, first argues that Gill is merely disguising a discovery motion as a citizen's request to inspect and to copy pursuant to § 36-12-40, Ala. Code 1975, and that Gill has not fulfilled the requirements of Rule 32.4 and Rule 32.6(b), Ala.R.Crim.P., for discovery pursuant to Rule 16, Ala.R.Crim.P. Gill avoids the issue of his failure to fulfill the Rule 32 requirements for postjudgment discovery. He insists, rather, that he is merely seeking to exercise the "freedom-of-information" rights granted him by §36-12-40. To this contention the State responds that Gill has failed to invoke § 36-12-40 adequately:
 "Gill never asserts that he, nor any of his agents, has ever made arrangements to pay the fees set forth in Rule 30, [Ala. R. Jud. Admin.,] and authorized by § 36-12-41, Ala. Code 1975. Likewise, Gill never alleges that he or his agents were ever denied access to inspect or copy the documents that he requested. Gill's allegations concern the trial court's unwillingness to reproduce documents at the court's expenses and send them to him."
Respondent's brief, p. 11 (footnote omitted). The State is right.
On the one hand, § 36-12-40 expressly provides that "[e]very citizen has a right to inspect and take a copy of any public writing of this state, except as otherwise expressly provided by statute." No statute denies this right to inmates or felons. This right is not dependent on the pendency or lack of pendency of any criminal proceeding. Indeed, Rule 16.1(f), Ala.R.Crim.P., provides that "[n]othing in this Rule 16.1 [(discovery in criminal proceedings)] shall be construed to limit the discovery of exculpatory material or othermaterial to which a defendant is entitled under constitutional provisionsor other provisions of law." (Emphasis added.)
"[A] `public writing' spoken of in Code 1975, § 36-12-40, is such a record *Page 1234 
as is reasonably necessary to record the business and activities to be done or carried on by a public officer so that the status and condition of such business and activities can be known by our citizens." Stone v.Consolidated Publishing Co., 404 So.2d 678, 681 (Ala. 1981). "The right of the public to inspect and copy a `public writing' is broad and the exceptions thereto are narrow and limited." Ex parte Alabama Dep't ofTransp., 757 So.2d 371, 374 (Ala. 1999). The races, genders, and ages of grand jurors are subject to disclosure; but the names, addresses, and occupations are not. State v. Matthews, 724 So.2d 1140 (Ala.Crim.App. 1998), aff'd, Ex parte Matthews, 724 So.2d 1143 (Ala. 1998).
On the other hand, § 36-12-40 does not authorize a citizen to shift to the custodian of public writings the tasks of inspecting them and identifying the ones to be copied or the expense of copying those and does not require the custodian to undertake the burden and expense of mailing or otherwise delivering the copies. Rather, any inspection of the writings and any identification of the ones to be copied must be performed by the citizen or his or her agent (simply another citizen) under such reasonable safeguards as the custodian may impose for the preservation of the writings. Likewise, the burden and expense of copying the writings and taking the copies must be borne by the citizen or his or her agent as provided by law, see, e.g., § 36-12-41, Ala. Code 1975, and Rule 30, Ala. R. Jud. Admin., or as required by such reasonable safeguards as the custodian may impose.
In the case before us, Gill did not identify the particular writings to be copied and did not tender any payment for copies to be made. Likewise, he did not present himself at the circuit clerk's office or send an agent to inspect writings, to identify those to be copied, to make such copies, to pay the circuit clerk to make them, or to take delivery of them; and § 36-12-40 does not entitle inmates to any relief from their incarceration or to any transportation to the custodian's office to accomplish those tasks and does not entitle them to free copies or to funds to pay for copies.
"`A writ of mandamus is an extraordinary remedy that requires the showing of: (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty on the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the court.'" Ex parte Wal-Mart,Inc., 809 So.2d 818, 821 (Ala. 2001) (quoting Ex parte McNaughton,728 So.2d 592, 594 (Ala. 1998)). Gill had no legal right, much less aclear legal right, to "inspect and take a copy of any public writing" in the circuit clerk's office without presenting himself there or sending his agent, nor to require his own release and transportation from incarceration to travel to the circuit clerk's office. Likewise, Gill had no legal right, much less a clear legal right, to require the circuit clerk to inspect the writings, to identify the appropriate ones, to copy them, to deliver them to Gill, all in the absence of Gill or his agent, and to bear the expense of such copying and delivery. Therefore, Gill has no legal right, much less a clear legal right, to any relief from Judge Brown; and she has no duty, much less an imperative duty, to grant him any relief under these circumstances.
WRIT DENIED.
HOUSTON, SEE, LYONS, BROWN, HARWOOD, WOODALL, and STUART, JJ., concur.
MOORE, C.J., concurs in the result.
[1] Gill's petition words the relief he seeks several different ways. Our statement of the relief sought is our best interpretation. *Page 1235