WOODALL, Justice.
 

 Anthony Richard Perch is an inmate at Holman Correctional Facility. In May 2008, he sent a letter to the clerk of the Jefferson Circuit Court, requesting, pursuant to § 36-12-40, Ala.Code 1975, copies of certain documents from the files in three cases involving criminal charges against a person who had testified as a witness for the State in the trial in which Perch was convicted of capital murder and sentenced to life imprisonment without the possibility of parole. More specifically, he asked for copies of the case-action-summary sheets, the indictment, the plea agreement, the explanation-of-rights form, and the sentencing order in each case. Perch requested that the documents be sent to him at the correctional facility.
 

 The clerk received Perch’s letter on May 29. The next day, she responded to his request, advising him that the cost for copies of the records would be $15. Perch’s father mailed the payment to the clerk and requested that the documents be mailed to Perch at the correctional facility. However, Perch never received the documents. Instead, he received documents indicating that Jefferson Circuit Judge Alfred Bahakel had entered orders on June 18, 2008, denying his request for documents.
 

 Perch filed a petition for a writ of mandamus in the Court of Criminal Appeals, requesting that that court direct the Jefferson Circuit Court to vacate its orders denying his request for documents and to enter orders directing the clerk to send the requested copies to Perch at the correctional facility. On October 15, 2008, the Court of Criminal Appeals denied the petition, without an opinion.
 
 Ex parte Perch
 
 (No. CR-07-1915), - So.3d - (Ala.Crim.App.2008)(table).
 

 Perch then filed a petition for a writ of mandamus in this Court, again requesting an order directing the trial court to vacate its orders of June 18, 2008, and to enter orders directing the clerk to mail copies of the requested documents to Perch. See Ala. R.App. P. 21(e)(1). Perch is clearly entitled to the relief he seeks. Therefore, we grant his petition and issue the writ.
 

 Section 36-12-40 is referred to as the Open Records Act (“the Act”). The Act “is remedial and should therefore be liberally construed in favor of the public.”
 
 Water Works & Sewer Bd. of Talladega v. Consolidated Publ’g, Inc.,
 
 892 So.2d 859, 862 (Ala.2004). The Act provides, in relevant part, that “[e]very citizen has a right to inspect and take a copy of any public writing of this state, except as otherwise expressly provided by statute.” “No statute denies this right to inmates or felons.”
 
 Ex parte Gill,
 
 841 So.2d 1231, 1233 (Ala.2002). The term “public writing,” as the Court of Criminal Appeals recently acknowledged, “has been interpreted to include judicial records.”
 
 State v. Martin,
 
 4 So.3d 1196, 1201 (Ala.Crim.App.2008) (holding that trial exhibits are public records and that, therefore, a requester “was
 
 *651
 
 not required to establish good cause before he was entitled to inspect the trial exhibits”).
 

 The judicial records requested by Perch are obviously “public writings.” Indeed, the State concedes that “Perch may have a right to obtain copies of records pertaining to criminal proceedings that are kept in the circuit clerk’s office.” State’s brief, at 6. Thus, Perch is entitled to copies of the requested documents “except as otherwise expressly provided by statute.” However, the State cites no statute that would preclude Perch’s entitlement to the documents, and we are aware of none. Instead, the State argues that the trial court’s orders denying Perch’s request for the documents were correct for several other reasons.
 

 The State argues that the trial court acted within its discretion in denying Perch’s request for judicial records because, according to the State, “[tjhose records contain sensitive information about the identities of sexual abuse or rape victims.” State’s brief, at 3. However, the trial court gave no reason for its orders denying Perch’s request, and there is no evidence before this Court indicating that the records Perch is requesting contain any “sensitive information.” In support of its argument, the State cites only Rule 52, Ala. R.App. P., an obviously inapplicable appellate rule. Perch argues, and we agree, that “the trial court was not without recourse to protect [any] sensitive information [and] could have ordered the [sensitive] information redacted.” Perch’s reply brief, at 4.
 

 The State also argues that Perch has not shown that “the [requested] records were ... relevant or necessary for [him] to challenge the validity of his convictions.” State’s brief, at 3. This argument is without merit. Perch’s “right [to inspect and copy public writings] is not dependent on the pendency or lack of pen-dency of any criminal proceeding.”
 
 Gill,
 
 841 So.2d at 1233. Further, a requester is not required to demonstrate good cause before he or she is entitled to inspect public writings.
 
 Martin,
 
 4 So.3d at 1201.
 

 The State next argues that the Act “requires that a [requester] not only pay the cost of copying the records, but also the cost of having the copies mailed to him.” State’s brief, at 4. This is true, the State says, because the Act “does not require the custodian to undertake the burden and expense of mailing or otherwise delivering the copies.”
 
 Gill,
 
 841 So.2d at 1234. The State claims that Perch is entitled to no relief because, according to the State, “there is nothing to show ... that he paid the clerk’s office to mail the copies to him.” State’s brief, at 5. We disagree. When Perch requested that copies of specific documents be mailed to him at the correctional facility, the clerk responded that his cost for the copies would be $15. Considering the nature of his request and the substance of the clerk’s response, it is reasonable to conclude that the cost quoted by the clerk was intended to, and did, include the expense of mailing. See Ala. R. Jud. Admin. 30(D) (“If the requesting individual requests that the clerk forward the copies [of court records] by mail, the clerk shall not pay for postage.”).
 

 Finally, the State argues that Perch is entitled to no relief, because “there is nothing to show that he sent anyone [to the clerk’s office] to obtain the copies.” State’s brief, at 5. This argument is based on portions of this Court’s opinion in
 
 Gill.
 

 In
 
 Gill,
 
 an inmate requested that a circuit clerk furnish him with certain information concerning grand-jury forepersons from 1980 through 2000, as well as “ ‘demographic data’ ” concerning the members of a specific grand jury. 841 So.2d at
 
 *652
 
 1233. “Gill did not identify the particular writings to be copied and did not tender any payment for copies to be made.” 841 So.2d at 1234. Further, “he did not present himself at the circuit clerk’s office or send an agent to inspect writings, to identify those to be copied, to make such copies, to pay the circuit clerk to make them, or to take delivery of them.”
 
 Id.
 
 Under those circumstances, this Court held that Gill was not entitled to a writ of mandamus directing the circuit court “to order the circuit clerk ... to copy the documents and to ‘forward’ the copies to Gill at his address in the penitentiary.” 841 So.2d at 1232. In the
 
 context of
 
 the facts
 
 of
 
 that case, this Court stated that “any inspection of the writings and any identification of the ones to be copied must be performed by the citizen or his or her agent (simply another citizen) under such reasonable safeguards as the custodian may impose for the preservation of the writings.” 841 So.2d at 1234. This Court held that “Gill had no legal right, much less a
 
 clear
 
 legal right, to require the circuit clerk to inspect the writings, to identify the appropriate ones, to copy them, to deliver them to Gill, all in the absence of Gill or his agent, and to bear the expense of such copying and delivery.” 841 So.2d at 1234.
 

 The facts in
 
 Gill
 
 are easily distinguished from the facts of this case. Unlike Gill, Perch specifically identified the writings to be copied. In light of the clerk’s prompt response regarding Perch’s cost for the requested copies, it is obvious that the requested documents were easily identified and readily available. Unlike Gill, Perch tendered payment for the copies to be made and mailed to him. After tendering payment, there simply was no purpose to be served by Perch’s “presenting] himself at the circuit clerk’s office or sending] an agent.”
 

 For the foregoing reasons, Perch’s petition for a writ of mandamus is granted and the writ is issued.
 

 PETITION GRANTED; WRIT ISSUED.
 

 LYONS, STUART, SMITH, BOLIN, PARKER, and MURDOCK, JJ„ concur.
 

 COBB, C.J., and SHAW, J.,
 
 *
 
 recuse themselves.