130 Nev., Advance Opinion 34

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| SHAFIQ AHMED AFZALI, <br> Appellant, <br> vs. <br> THE STATE OF NEVADA, <br> Respondent. | No. 54019 <br><br> **FILED** <br><br> MAY 29 2014 <br><br> TRACIE K. LINDEMAN <br> CLERK OF SUPREME COURT <br> BY _____ <br> CHIEF DEPUTY CLERK |

Appeal from a judgment of conviction, pursuant to a jury verdict, of 11 counts of lewdness with a child, 15 counts of sexual assault of a child under 14 years of age, 2 counts of first-degree kidnapping, 1 count of second-degree kidnapping, 3 counts of battery with intent to commit a crime, 3 counts of using a minor in the production of pornography, and 22 counts of possession of child pornography. Eighth Judicial District Court, Clark County; James M. Bixler, Judge.

*Remanded.*

Philip J. Kohn, Public Defender, and Sharon G. Dickinson, Deputy Public Defender, Clark County,
for Appellant.

Catherine Cortez Masto, Attorney General, Carson City; Steven B. Wolfson, District Attorney, Steven S. Owens, Chief Deputy District Attorney, and Parker P. Brooks, Deputy District Attorney, Clark County,
for Respondent.

14-17301

BEFORE THE COURT EN BANC.

*OPINION*

By the Court, HARDESTY, J.:

Appellant Shafiq Ahmed Afzali asserts that the district court violated his constitutional rights by obstructing his ability to challenge the racial composition of the three grand juries that indicted him.[1] Prior to his trial, Afzali requested information that would identify the racial composition of the three separate grand juries that indicted him, and the 100-person venires from which the grand jurors were selected. The district court denied him the requested information.

Afzali argues that he had the right to challenge the grand jury selection process under either the Equal Protection or the Due Process Clauses of the United States Constitution, but that he was unable to determine whether he had a viable challenge to the racial composition of the three grand juries that indicted him because the court failed to provide the information requested.

We conclude that Afzali has a right to the information he requested. Without this information, Afzali's ability to show a potential violation of his constitutional right to a grand jury drawn from a fair cross-section of the community is limited. Therefore, we conclude that a limited remand is necessary for the district court to conduct further proceedings consistent with this opinion.

---

[1] Afzali raises a number of additional issues on appeal. However, because we determine that a limited remand is necessary, we do not address those issues at this time.

## FACTS AND PROCEDURAL HISTORY

In July 2007, Afzali was charged by indictment with 17 felony counts regarding crimes of a sexual nature against 3 children. He was then charged by a superseding indictment with 42 felony counts regarding crimes of a sexual nature based on his acts against the 3 child victims and the 25 images of child pornography he possessed. He was later charged by a final second superseding indictment with 63 felony counts regarding crimes of a sexual nature.

In October 2007, Afzali filed a motion requesting information on the selection process for the grand jury, the racial composition of the three grand juries that indicted him, and the racial composition of the entire 100-person venires from which those grand jurors were chosen. He stated that his request was being made to evaluate whether he had grounds to bring an equal protection or due process challenge to the make-up of the three grand juries or the grand jury selection process.

The district court held two hearings on the motion. During the first hearing, Afzali's counsel stated that she was concerned about the grand jury selection process and the ethnic background of the grand jury. The district court explained that it had no such information, but would inquire of the then-sitting chief judge about the procedure for obtaining the information Afzali was requesting. During the second hearing, the district court provided Afzali with information on the grand jury selection process; however, it explained that race information did not exist. It also explained that the records of all potential grand jurors were shredded,

SUPREME COURT
OF
NEVADA

(O) 1947A

except for the records of those 50 potential grand jurors selected by the judges from the 100-person pool.[2]

In November 2007, the Eighth Judicial District Court Administration (Eighth District) filed a motion to quash a subpoena duces tecum served on the jury commissioner by Afzali's counsel. The subpoena sought the names and contact information for the 100-person venires for each of the three grand juries that indicted Afzali. The next month the district court conducted hearings on the Eighth District's motion to quash. Ultimately, the district court concluded that the Eighth District handled the information Afzali was requesting, not the jury commissioner; the personal information of the 50 potential grand jurors was destroyed but their contact information was preserved; and Afzali was "entitled to it." The district court granted the motion to quash as to the jury commissioner but denied it as to the Eighth District because only the latter had access to the information requested.

In January 2008, the district court conducted a hearing on the disclosure of the grand jury contact information. Afzali's counsel asserted

---

[2]Under NRS 6.110, the selection of the grand jury begins when the clerk of the court solicits 500 qualified persons at random and mails a questionnaire to those selected. The names of the first 100 persons who return the completed questionnaire to the clerk are submitted to the district court judges for that judicial district. NRS 6.110(1). The district court judges then select one name from the list until 50 persons have been selected, at which time the clerk issues a venire. NRS 6.110(2). Finally, the presiding district court judge selects 17 persons at random from the 50-person group to serve as the grand jury. NRS 6.110(3).

that, if given the contact information for the 50 potential grand jurors, she would conduct an independent investigation on the racial composition of that group. The State objected, arguing that the disclosure would violate the secrecy of the grand jury. In a compromise, the district court asked Afzali's counsel to draft a questionnaire to be given to the 50 potential jurors. The district judge stated that he would then provide that questionnaire to the jury commissioner and the chief judge, who supervises the grand jury.

In March 2008, then-Chief Judge Hardcastle entered an order denying Afzali's request for the grand jury contact information. In denying Afzali's request, Judge Hardcastle reviewed Afzali's questionnaire and determined that "the proper procedure and notice to all interested parties to challenge the methods used to select the grand jury has not been followed." In June 2008, Afzali requested a hearing on Judge Hardcastle's order, arguing that he had followed the district court's direction in requesting the grand jury contact information. The district court did not grant the request, but admitted, "I don't know we know the procedure."

Afzali's trial took place in March 2009, and the jury ultimately found Afzali guilty as to counts 4-39, 42-54, and 56-63. The jury was hung as to counts 1-3, and found Afzali not guilty as to counts 40, 41, and 55. The district court entered its judgment of conviction in June 2009. This appeal followed.[3]

---

[3]In November 2007, during the time Afzali was attempting to obtain the information on the grand jury, he also filed a petition for writ of habeas corpus. He argued that the district court's grand jury selection process violated his constitutional and statutory rights because the destruction of records concerning proposed grand jurors prevented him

*continued on next page . . .*

## DISCUSSION

Afzali contends that without access to information about the racial composition of the three grand jury pools that indicted him, he has no way to know whether he has grounds to bring a challenge to the grand jury selection process under the Equal Protection Clause or the Due Process Clause. We agree.

The United States Supreme Court has held that "the criminal defendant's right to equal protection of the laws has been denied when he is indicted by a grand jury from which members of a racial group purposefully have been excluded." *Vasquez v. Hillery*, 474 U.S. 254, 262 (1986). Furthermore, a person has the right to have the grand jury selected from a fair cross-section of the community. *Adler v. State*, 95 Nev. 339, 347, 594 P.2d 725, 731 (1979) ("[I]t is settled that a grand jury must be drawn from a cross-section of the community, and there must be no systematic and purposeful exclusion of an identifiable class of persons.").

A federal statute was enacted in order to squarely address a defendant's right to obtain the information necessary to mount challenges to the composition of the grand jury in federal court. *See* 28 U.S.C. § 1867(f) (2006) (allowing parties who are preparing a motion to challenge the grand jury composition to have access to "[t]he contents of records or

---

*. . . continued*

from obtaining the evidence necessary to support any challenge to the racial composition of the grand jury. The State filed a return, arguing that it was not part of the grand jury selection process and it thus could not address that process. In December 2008, prior to the filing of this appeal, the district court denied the petition.

papers used by the jury commission or clerk in connection with the jury selection process"). In analyzing this statute, the United States Supreme Court stated that its purpose was to ensure grand juries were selected at random from a fair cross-section and noted that "without inspection, a party almost invariably would be unable to determine whether he has a potentially meritorious jury challenge." *Test v. United States*, 420 U.S. 28, 30 (1975).

Certainly, Nevada is not bound by this federal statute, and it does not have a state statute providing the right to inspect grand jury records. Nevertheless, this court is bound by Supreme Court precedent, and in *Adler*, we recognized that a defendant has a constitutional right to a grand jury drawn from a fair cross-section of the community. 95 Nev. at 347, 594 P.2d at 731. As the Supreme Court of Missouri noted when considering this same issue, "[t]his cross-section requirement would be without meaning if a defendant were denied all means of discovery in an effort to assert that right." *State ex rel. Garrett v. Saitz*, 594 S.W.2d 606, 608 (Mo. 1980). Thus, we hold that Afzali is entitled to information relating to the racial composition of the grand jury so that he may assess whether he has a viable constitutional challenge.

Based on our holding, we conclude that a limited remand is necessary in order for the district court to make available to Afzali the information he requested. On remand, the district court should first determine whether information is available on the racial composition of the three grand juries that indicted Afzali and on the 100-person venires from which those jurors were chosen, in whatever form and by whatever

means.[4] We recognize that during the prior district court hearings surrounding Afzali's request, there was some confusion as to what information was actually retained by the district court regarding the grand jury pools involved in Afzali's indictments. The record demonstrates that at least the contact information for the 50 proposed grand jurors was available. Once the district court obtains the information, it should be provided to Afzali so that he can determine whether he has grounds for a fair cross-section challenge. If he determines that there is a viable challenge, he should make the challenge in the district court so that the court can resolve the matter and enter appropriate findings of facts and conclusions of law. This court can then review that decision, if challenged. If the district court is unable to provide the requested information after exploring all possible avenues, then the district court should enter appropriate findings and certify them to this court. This court will then determine whether the failure to provide this information requires reversal of the judgment of conviction.

---

[4]For example, contact information may be available through payroll records pertaining to grand jurors who served, see NRS 6.150 (grand juror fees), or from the transcripts of the grand jury proceedings. Thus, if the racial composition of those jurors is not otherwise known, the district court may need to contact the grand jurors in order to obtain the necessary information.

SUPREME COURT
OF
NEVADA

(O) 1947A

The district court shall have 90 days to conduct the necessary proceedings required as a result of the limited remand of this matter.

                                                                , J.
                                                         Hardesty

We concur:

_____, C.J.
Gibbons

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Saitta

SUPREME COURT
OF
NEVADA

(O) 1947A