The Alabama Department of Transportation ("ALDOT") petitions for a writ of mandamus directing the Montgomery Circuit Court to vacate its order requiring ALDOT to produce documentary evidence in response to a Rule 27(a), Ala. R. Civ. P., motion for pre-action discovery. We grant the petition.
Wallace Laird Hitchcock was injured in a one-car accident at the intersection of U.S. Highway 231 and Alabama Highway 51. Hitchcock learned that this intersection was known as a spot where water would not run off and that standing water at the intersection had caused cars to hydroplane. Hydroplaning was the cause of Hitchcock's accident.
Before Hitchcock filed a lawsuit relating to his accident, his lawyer, acting pursuant to Rule 27(a), requested that ALDOT produce documents indicating how many motor-vehicle accidents had occurred at the site of Hitchcock's accident. The information requested by Hitchcock would be based on statistics provided to ALDOT by the Alabama Department of Public Safety. Hitchcock's lawyer had obtained similar information in the past upon paying a $100 fee.
ALDOT objected to Hitchcock's request, stating that the information was privileged, that a federal statute prohibited its discovery, and that ALDOT had stopped its practice of providing such information. ALDOT also alleged that Hitchcock's request failed to comply with the requirements of Rule 27.
The circuit court held:
 "1) [Hitchcock] was severely injured on a public highway in the State of Alabama.
 "2) [ALDOT] is the custodian of certain records which [Hitchcock] seeks to obtain.
 "3) ALDOT previously had a policy of releasing such information with a written request and the payment of $100.
 "4) It is [Hitchcock's] information and belief that other similar wrecks have occurred at or close to the site where his wreck occurred and if the information is *Page 373 
not released it would be an undue hardship on him.
 "5) ALDOT keeps such records for statistical purposes and would not be prejudiced by releasing the records sought by [Hitchcock].
 "6) The court has reviewed 23 U.S.C. [§] 409 and finds that the records are discoverable, but may not be admissible at a hearing or trial.
 "WHEREFORE, it is ORDERED by this court that ALDOT release the information sought by [Hitchcock] within ten (10) days of this order."
ALDOT asks this Court to vacate the order of the circuit court and to direct that court to deny Hitchcock's Rule 27 request because, ALDOT argues, the information Hitchcock seeks from ALDOT is protected from discovery by federal law.
ALDOT contends that it maintains a record of highway accidents as part of the ""highway hazard elimination program" prescribed by23 U.S.C. § 152 (1999). This section provides, in part:
 "Each State shall conduct and systematically maintain an engineering survey of all public roads to identify hazardous locations, sections, and elements, including roadside obstacles and unmarked or poorly marked roads, which may constitute a danger to motorists, bicyclists, and pedestrians, assign priorities for the correction of such locations, sections, and elements, and establish and implement a schedule of projects for their improvement."
Also, 23 U.S.C. § 409 provides:
 "Notwithstanding any other provision of law, reports, surveys, schedules, lists, or data compiled or collected for the purpose of identifying[,] evaluating, or planning the safety enhancement of potential accident sites, hazardous roadway conditions, or railway-highway crossings, pursuant to sections 130, 144, and 152 of this title or for the purpose of developing any highway safety construction improvement project which may be implemented utilizing Federal-aid highway funds shall not be subject to discovery or admitted into evidence in a Federal or State court proceeding or considered for other purposes in any action for damages arising from any occurrence at a location mentioned or addressed in such reports, surveys, schedules, lists, or data."
ALDOT states that the survey prescribed by 23 U.S.C. § 152
specifically calls for collection of the accident data that Hitchcock requested and that 23 U.S.C. § 409 states an intent on the part of Congress to protect these data from discovery.
Hitchcock maintains that 23 U.S.C. § 409 and the cases interpreting it allow discovery of data provided to agencies such as ALDOT for use in developing highway-safety-enhancement programs. Hitchcock's argument, however, is based upon the 1991 version of the statute and the cases interpreting it. Section 409 was amended in 1995 and now reads:
 "Notwithstanding any other provision of law, reports, surveys, schedules, lists, or data compiled or collected for the purpose of identifying[,] evaluating, or planning the safety enhancement of potential accident sites, hazardous roadway conditions or railway-highway crossings, pursuant to sections 130, 144, and 152 of this title or for the purpose of developing any highway safety construction improvement project which may be implemented utilizing Federal-aid highway funds shall not be subject to discovery or admitted into evidence in a Federal or State court proceeding or considered for other purposes in any action for damages arising from any occurrence at a location mentioned or addressed in such reports, surveys, schedules, lists, or data."
(Language added by 1995 amendment emphasized.)
The Congressional Record reflects the intent behind the 1995 amendment: *Page 374 
 "It is intended that raw data collected prior to being made part of any formal or bound report shall not be subject to discovery or admitted into evidence in a Federal or State court proceeding or considered for other purposes in any action for damages arising from any occurrence at a location mentioned or addressed in such data."
H.R. Rep. No. 104-246 (1995), reprinted in 1996 U.S.C.C.A.N. 522.
In light of the amendment to the language of § 409 and Congress's stated intent behind the amendment, we agree with ALDOT that the information sought by Hitchcock's Rule 27 motion is protected from discovery and that the trial court erred in holding that the information was discoverable.
Hitchcock makes the further argument that, pursuant to Ala. Code 1975, § 36-12-40 — "[e]very citizen has a right to inspect and take a copy of any public writing of this state, except as otherwise expressly provided by statute" — he is entitled to the information he seeks from ALDOT. We disagree.
The right of the public to inspect and copy a "public writing" is broad and the exceptions thereto are narrow and limited. See Chambers v. Birmingham News Co., 552 So.2d 854 (Ala. 1989); Stone v. Consolidated Publishing Co., 404 So.2d 678 (Ala. 1981). However, under the facts of this case, the application of § 36-12-40 would make it impossible for ALDOT to comply with § 409, as amended in 1995, and with the expressed intent of Congress with regard to the amended § 409. See California v. Federal Energy Regulatory Comm'n, 495 U.S. 490,110 S.Ct. 2024, 109 L.Ed.2d 474 (1990). Thus, where § 36-12-40 "stands as an obstacle to the accomplishment of the full purposes and objectives of Congress" (id., at 506, 110 S.Ct. 2024), that section is preempted by the federal law. See, also, CSX Transp., Inc. v. Easterwood,507 U.S. 658, 113 S.Ct. 1732, 123 L.Ed.2d 387 (1993).
Further, we note that the information sought by Hitchcock — reports of accidents occurring at the site of Hitchcock's accident — is under the custody and control of the Alabama Department of Public Safety. Hitchcock is not without a source for the information he alleges he requires in order to be able to proceed with any legal action to recover damages for his injuries.
ALDOT is entitled to the relief it seeks; therefore, we grant the petition and issue the writ of mandamus.
PETITION GRANTED; WRIT ISSUED.
HOOPER, C.J., and MADDOX, HOUSTON, SEE, LYONS, BROWN, JOHNSTONE, and ENGLAND, JJ., concur.