COBB, Chief Justice.
Renovations Unlimited, LLC, and Brian Ford and Olivia Ford, the owners of Renovations Unlimited (hereinafter referred to collectively as “the petitioners”), petition this Court for a writ of mandamus directing' the' Montgomery Circuit Court to vacate its order issued on March 9, 2010, requiring the petitioners to produce documentary evidence to Melissa Trehern and Riley Trehern in response to the Treherns’ Rule 27, Ala. R. Civ. P., motion for preaction discovery. Because we find that the Treherns have waived all possible claims against the petitioners and thus do not have a cognizable cause of action, we grant the petition and issue the writ.

Facts and Procedural History

On or about November 7, 2006, the Tre-herns entered into a contract with Renovations Unlimited, LLC, pursuant to which Renovations Unlimited would demolish a house in Montgomery and oversee the construction of a new house on the same lot. The contract provided that the Treherns would pay Renovations Unlimited a fee of $55,000 for overseeing the construction of the new house and that the Treherns would be responsible for the construction costs. As construction progressed, Renovations Unlimited submitted draw requests to the Treherns for payments due for such things as subcontractors and materials.
In October or November 2007, a dispute arose between the petitioners and the Tre-herns concerning the draw requests that ultimately resulted in the Treherns terminating their contract with Renovations Unlimited before the construction of the house was completed. Specifically, the petitioners claimed that, at the time they terminated the contract, the Treherns owed Renovations Unlimited approximately $25,000 to $30,000; the Treherns claimed that Renovations Unlimited had not accurately submitted draw requests and had improperly used the proceeds it had received from the draw requests. The Treherns requested that Renovations Un *681 limited provide them a full and complete copy of its invoices, draw requests, and other documents and records concerning the construction of the house. On November 12, 2007, Renovations Unlimited provided the Treherns’ lender all the requested information.[1]
According to the petitioners, the Tre-herns contacted them on November 13, 2007, and inquired as to whether a settlement could be reached regarding the parties’ dispute. The petitioners contend that the Treherns proposed that the dispute be settled through a reduction in the amount the Treherns owed Renovations Unlimited. On November 15, 2007, the Treherns and the petitioners executed a “Mutual General Release of All Claims” in which the Tre-herns agreed to pay the petitioners $9,800 in exchange for ending all relationships and obligations between the parties.[2] The release contained the following pertinent clauses:
“II. MUTUAL RELEASES
“The Treherns hereby release and discharge [the petitioners] from any and all claims, demands, causes of action, damages, obligations, liabilities, injuries, losses and expenses of whatsoever kind . or nature which relate in any manner to the home located [in] Montgomery, Alabama[,] whether or not, now known or suspected or claimed, whether in law, arbitration, equity or otherwise.
[[Image here]]
“Without limiting the generality of the foregoing, all parties acknowledge and covenant that, in consideration for the terms set forth herein, the parties knowingly and voluntarily relinquish, waive and forever release any and all rights, damages and remedies which might otherwise be available to the parties, including, without limitation, claims for contract or tort damages of any type, back pay, front pay, emotional damages, mental damages, damages for anguish or anxiety, punitive damages, incentive pay, liquidated damages, special or consequential damages, lost benefits of any kind, severance pay, recovery of attorneys’ fees, costs, expenses of any kind, injuries of any kind, unjust enrichment, breach of contract, tort of outrage, State and Common Law fraud, including deceit and reckless or wanton conduct, suppression, Common Law civil conspiracy, negligent misrepresentations, and/or intentional interference with business relations.
[[Image here]]
“VIII. KNOWING AND VOLUNTARY WAIVER AND RELEASE
“It is understood and agreed upon that this Release is executed by the parties knowingly and voluntarily and is not based upon representations or statements of any kind by any person as to the merits, legal liabilities or value of the released claims. The parties also acknowledge that no promise or inducement has. been offered or made except as set forth herein.”
The following appeared in bold type before each signature'line for the parties on the release:

“CAUTION: READ BEFORE SIGNING

*682 “THIS DOCUMENT CHANGES YOUR LEGAL RIGHTS. BY SIGNING, YOU ARE MAKING A MATERIAL REPRESENTATION THAT YOU HAVE READ, UNDERSTOOD, AND AGREE TO BE BOUND BY THIS DOCUMENT.”
(Capitalization in original.)
The Treherns contend that, days'after the release was executed by the parties the petitioners provided a document that contained a general summary of the costs of the construction project. The document, however, failed to identify many of the vendors and suppliers by name, address, or other contact information. The Treherns allege that when they did contact the vendors for which contact information had been supplied, the pétitioners’ attorney tried to thwart their attempts by accusing them of violating the terms of the release.
On April 23, 2008, the Treherns filed a verified petition for preaction discovery, pursuant to Rule 27(a), Ala. R. Civ. P., in the Montgomery Circuit Court. In their petition, the Treherns stated: “The [Tre-herns] believe that the draw requests submitted by Renovations Unlimited are more than the actual charges which it incurred and are otherwise excessive and in breach of the construction contract” and “[t]he requested documents and things are needed by the [Treherns] in order to determine whether they have contract, tort, or warranty claims against Renovations Unlimited, LLC, and/or its members/owners, Brian and Olivia Ford, and without such documents and things, the [Treherns] are unable to bring or cause any such claims to be brought.” The petitioners objected, and the trial court held a hearing on the motion on June 10, 2008. During the hearing, the trial court suggested that as an alternative to preaction discovery the Treherns might be able to obtain the information they sought by directly contacting the vendors and suppliers. The Tre-herns on June 13, 2008, submitted to the trial court an affidavit saying they had attempted to contact the vendors and suppliers before the court suggested they do, but they had been stopped by the petitioners’ attorney. On June 16, 2008, the Tre-herns amended their petition for preaction discovery. In their amended petition, the Treherns alleged for the first time that the release was “void on grounds of fraud, thereby giving rise to a cognizable claim against the [petitioners].”' The trial court held a second hearing on the matter on March 2, 2010, and on March 9, 2010, entered an order granting the Tréherns’ petition and ordering the petitioners to produce the requested documents to the Treherns’ attorney within 30 days. On March 16, 2010, ' the petitioners sought mandamus relief in this Court.

Standard, of Review

“ A writ of mandamus will be “issued only when there is: 1) a clear legal right in the petitioner to the order sought; 2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; 3) the lack of another adequate remedy; and 4) properly invoked jurisdiction of the court.” Ex parte United Serv. Stations, Inc., 628 So.2d 501, 503 (Ala.1993).’
“Ex parte Horton Homes, . Inc., 774 So.2d 536, 539 (Ma.2000). Regarding discovery matters specifically, this Court has stated:
“ ‘Discovery matters are within the trial court’s sound discretion, and this Court will not reverse a trial court’s ruling on a discovery issue unless the trial court has clearly exceeded its discretion. Home Ins. Co. v. Rice, 585 So.2d 859, 862 (Ala.1991)...
Ex parte Guaranty Pest Control, Inc., 21 So.3d 1222, 1225-26 (Ma.2009).

*683
Discussion

The Treherns seek preaction discovery pursuant to Rule 27(a), Ala. R. Civ. P. Rule 27(a), in pertinent part, states:
“(1) Petition. A person who desires to perpetuate that person’s own testimony or that of another person or to obtain discovery under Rule 34 or 35 regarding any matter that may be cognizable in any court of this state may file a verified petition in the circuit court in the county of the residence of any expected adverse party. The petition shall be entitled in the name of the petitioner ... and shall ask for an order authorizing the petitioner to take the depositions of the persons to be examined named in the petition, for the purpose of perpetuating their testimony or to seek discovery under Rule 34 or 35 from the persons named in the petition.”
Concerning preaction discovery under Rule 27, this Court has noted:
“Although Alabama Rule 27 does not give a potential plaintiff ‘carte blanche’ to ‘fish’ for a ground for filing an action, it nonetheless provides for preaction ‘discovery under Rule 34,’ regardless of any need to perpetuate evidence, provided that the requirements of the rule are met and that the trial court is satisfied that such discovery might serve to prevent a failure or delay of justice. As previously noted, relief under Rule 27 is discretionary with the trial court, and a trial court’s ruling on a Rule 27 petition will not be reversed in the absence of an abuse of discretion.”
Ex parte Anderson, 644 So.2d 961, 964 (Ala.1994) (emphasis omitted). Furthermore, review of a trial court’s grant or denial of a verified petition seeking preaction discovery pursuant to Rule 27 is by a petition for a writ of mandamus. See Ex parte Alabama Dep’t of Transp., 757 So.2d 371(Ala.1999).
The petitioners argue that the trial court exceeded its discretion in granting the Treherns’ petition for preaction discovery because, they argue, the Tre-herns relinquished, waived, and/or released their right to pursue legal action against the petitioners by executing the release and thus no longer have “an action cognizable in a court of this state” as required by Rule 27(a)(1). As previously noted, by executing the release, the-Tre-herns
“release[d] and discharge[d] [the petitioners] from any and all claims, demands, causes of action, damages, obligations, liabilities, injuries, losses and expenses of whatsoever kind or nature which relate in any manner to the home located [in] Montgomery, Alabama[,] whether or not, now known or suspected or claimed, whether in law, arbitration, equity or otherwise.”
The release also provided that the parties voluntarily and knowingly agreed to the release of their claims. Further, the release cautioned the parties in bold capital letters above each signature line that they should read the release. before signing it because it changed the parties’ legal rights. As this Court has previously held: “Thus, absent fraud, a release, supported by valuable consideration and unambiguous in meaning, will be given effect according to the intention of the parties from what appears in the four corners of the document itself; and parol evidence is not admissible to impeach or vary its terms.” Wayne J. Griffin Elec., Inc. v. Dunn Constr. Co., 622 So.2d 314, 317 (Ala.1993). Therefore, barring fraud in the inducement of the release, the Treherns do not have, a cognizable claim that may be brought against the petitioners in an. Alabama court.
In their verified petition to the trial court the Treherns stated that preaction *684 discovery was necessary “in order to determine whether [the Treherns] have contract, tort, or warranty claims against [the petitioners].” Before this Court, the Tre-herns contend that this includes discovery as to whether “Renovations Unlimited fraudulently and otherwise unlawfully induced the Treherns to enter into the subject release and settlement agreement by, among other things, misrepresenting to and/or suppressing from them the truth regarding the accuracy of their draw requests and actual incurred charges on the construction projects.”
A fatal flaw, however, exists in the Treherns’ argument. The genesis of the dispute between the Treherns and the petitioners was the allegation by the Tre-herns that Renovations Unlimited was not submitting accurate draw requests and/or was improperly using the proceeds received from those draw requests. In their answer and brief to this Court, the Tre-herns state that they “requested Renovations Unlimited to provide them a full and complete copy of its invoices, draw requests, and its other documents and records regarding the project, but Renovations Unlimited refused to comply with the Treherns’ requests.” (Treherns’ brief, p. 1.) The Treherns knew that the amount of the draws and the use of the draw requests were at the center of their dispute with the petitioners, yet they settled their claims against the petitioners and signed the release before they received the requested documents. The release warned the Treherns in bold capital letters that they were modifying their legal rights by entering into the release, and yet they did so. As this Court has previously held: “[A] person who signs a contract is on notice of the terms therein and is bound thereby, even if he or she fails to read the document.” Locklear Dodge City, Inc. v. Kim-brell, 703 So.2d 303, 306 (Ala.1997). If the Treherns were concerned about the veracity of any statements made by the Fords concerning where and how the draws were used, then they should not have released their right to bring an action against the petitioners. A broad general accusation that there may have been fraud in some form or fashion in the inducement of the release does not warrant the granting of preaction discovery.
Because we conclude that the Treherns do not have a potentially cognizable claim that may be brought in the courts of Alabama, we hold that the trial court exceeded its discretion in granting the Treherns’ petition seeking to conduct preaction discovery pursuant to Rule 27(a), Ala. R. Civ. P. The petition for the writ of mandamus is granted, and the trial court is ordered to vacate its order allowing for preaction discovery and to dismiss the Treherns’ petition for preaction discovery.
PETITION GRANTED; WRIT ISSUED.
WOODALL, SMITH, PARKER, and SHAW, JJ., concur.

. According to the petitioners, the Treherns never requested this information until after the parties had executed a general release of all claims.

. The release originally provided for a settlement amount of $10,000. However, because the Treherns claimed that a bathroom sink had been broken while it was in the possession of Renovations Unlimited, the parties struck through the $10,000 and wrote $9,800 into the release as the settlement amount.