BRYAN, Justice.
Kevin Kendrick, in his official capacity as director of compliance (“the director”) at Alabama State University (“ASU”), appeals from a summary judgment of the Montgomery Circuit Court (“the trial court”) ordering him to provide The Advertiser Company d/b/a The Montgomery Advertiser (“the Advertiser”) with redacted copies of each “request for reduction/cancellation of athletic financial aid” form (“the financial-aid form”) submitted to the director involving the ASU football program since December 15, 2014.[1]

Facts and Procedural History

On April 23, 2015, Josh Moon, a reporter employed by the Advertiser, sent a written request to Kenneth Mullinax, director of media relations at ASU, requesting copies of all financial-aid forms submitted to the *575 director involving students participating in the ASU football program since December 15, 2014. The financial-aid form is a record maintained by ASU that reflects a reduction or cancellation of a student’s athletic financial aid. A financial-aid form contains the following information: a student’s name, address, and ASU identification number; the ASU sport or sports in which the student participates; and the reason or reasons the student’s athletic financial aid- has been reduced or canceled.[2] In addition, the financial-aid form instructs an ASU head coach seeking to reduce or cancel a student’s athletic financial aid to attach to the financial-aid form “any disciplinary form, transcripts, medical records, correspondence, etc.”
On May 8, 2015, Mullinax spoke with Moon by telephone and informed Moon that the financial-aid forms he had requested “would be so redacted that there would be nothing on them.” (Emphasis in original.) On May 13, 2015, Moon emailed Mullinax and stated that, because the requested financial-aid forms would be heavily redacted, he would “take just the list of names of players whose scholarships have been revoked since December [2014].” Later that day, Mullinax e-mailed Moon and informed him that legal counsel for ASU had advised Mullinax that the director could not release the names of students whose athletic financial aid had been revoked because, he said, the Family Educational Rights and Privacy Act of 1974, 20 U.S.C. § 1232g (“FERPA”), and the regulations promulgated pursuant to FERPA, 34 C.F.R. Part 99, prohibit the disclosure of that information.
Legal counsel for the Advertiser and legal counsel for ASU exchanged correspondence regarding whether the financial-aid forms are subject to disclosure. The Advertiser argued that § 36-12-40, Ala.Code 1975 (“the Open Records Act”), which provides, in pertinent part, that “[ejvery citizen has a right to inspect and take a copy of any public writing of this state, except as otherwise expressly provided by statute,” authorizes the disclosure of the financial-aid forms. Legal counsel for ASU, on the other hand, argued that FERPA prohibits the release of education records without the student’s consent[3] and, thus, that FERPA expressly provides that the financial-aid forms are not subject to the Open Records Act.
On June 17, 2015, the Advertiser filed a “petition for a writ of mandamus and complaint for declaratory judgment” asking the trial court to declare that the financial-aid forms are public writings subject to inspection under the Open Records Act. In support of its request, the Advertiser claimed that FERPA provides an exception that allows the disclosure of “directory information,” which, the Advertiser claimed, includes a student’s name and any officially recognized sport or sports in which the student participates. The Ad *576 vertiser asked the trial court to order the director to provide the Advertiser with the requested financial-aid forms from which all “nondirectory” information had been redacted.
On June 22, 2015, the director filed a “motion to dismiss or alternatively motion for a summary judgment” in which he argued that FERPA prohibits the disclosure of education records and that, therefore, the financial-aid forms are not subject to disclosure under the Open Records Act. On July 28, 2015, the Advertiser filed a motion for a summary judgment in which it reiterated its argument that the disclosure of the financial-aid forms does not violate FERPA if the forms are redacted so as to provide only directory information, i.e., a student’s name and the sport or sports in which the student participates. The Advertiser requested that the trial court order the director to provide the requested financial-aid forms with all “non-directory” information redacted.
On August 31,2015, the trial court heard arguments of counsel and subsequently entered a judgment on September 4, 2015, that stated, in pertinent part:
“[T]his Court is of the opinion that there are no issues of material disputed fact and that, as a matter of law, the documents as requested by the [Advertiser] are public records and should be turned over to [the Advertiser] pursuant to the Alabama Open Records Act subject to [the Advertiser’s] agreement that [the director] may redact other portions of the documents. There are undeniable benefits that come from government transparency.
“WHEREFORE, it is ORDERED, ADJUDGED and DECREED, that [the director] produce within (10) ten business days, and at a cost to the [Advertiser] of .20 cents per page, legible copies of all [financial-aid forms] submitted by the football program to [the director] or anyone else at [ASU] since Dec. 15, 2014. That portion of the form showing the date, student name, and sport shall be unaltered. Any other information on the form pertaining to the student athlete may be redacted by [the director] at [the director’s] expense.”
(Capitalization in original.)
On September 10, 2015, the director filed a motion to alter, amend, or vacate the judgment; the trial court denied that motion on September 17, 2015. This appeal followed.

Standard of Review

‘“Our standard of review is straightforward when, as here, the facts are undisputed:
“ ‘ “An order granting or denying a summary judgment is reviewed de novo, applying the same standard as the trial court applied. American Gen. Life & Accident Ins. Co. v. Underwood, 886 So.2d 807, 811 (Ala. 2004). In addition, ‘[t]his court reviews de novo a trial court’s interpretation of a statute, because only a question of law is presented.’ Scott Bridge Co. v. Wright, 883 So.2d 1221, 1223 (Ala.2003). Where, as here, the facts of a case are essentially undisputed, this Court must determine whether the trial court misapplied the law to the undisputed facts, applying a de novo standard of review. Carter v. City of Haleyville, 669 So.2d 812, 815 (Ala.1995). Here, in reviewing the [entry] of a summary judgment when the facts are undisputed, we review de novo the trial court’s interpretation of statutory language and our previous caselaw on a controlling question of law.” ’
“McKinney v. Nationwide Mut. Fire Ins. Co., 33 So.3d 1203, 1206-07 (Ala. 2009) (quoting Continental Nat’l Indem. *577 Co. v. Fields, 926 So.2d 1033, 1034-35 (Ala.2005)).”
Fraternal Order of Police, Lodge No. 64 v. Personnel Bd. of Jefferson Cty., 103 So.3d 17, 23-24 (Ala.2012).

Discussion

As the trial court noted in the September 4, 2015, judgment, there are no disputed issues of material fact. The sole issue on appeal is whether the financial-aid forms, in the redacted condition ordered by the trial court, are subject to disclosure under the Open Records Act or whether they are protected from disclosure by FERPA. On the one hand, “[t]here is a presumption in favor of disclosure of public writings and records expressed in the language of [the Open Records Act].” Chambers v. Birmingham News Co., 552 So.2d 854, 856 (Ala.1989). On the other hand, “where [the Open Records Act] ‘stands as an obstacle to the accomplishment of the full purposes and objectives of Congress,’ [the Open Records Act] is preempted by the federal law.” Ex parte Alabama Dep’t of Transp., 757 So.2d 371, 374 (Ala.1999) (quoting California v. F.E.R.C., 495 U.S. 490, 506, 110 S.Ct. 2024, 109 L.Ed.2d 474 (1990)). Because the parties appear to agree that FERPA prohibits the disclosure of education records absent an applicable exception, we proceed—without deciding its validity at this time—on that assumption and decide solely whether the FERPA exception the Advertiser argued provides for the disclosure of the redacted financial-aid forms is applicable.
FERPA provides, in pertinent part:
“No funds shall be made available under any applicable program to any educational agency or institution which has a policy or practice of permitting the release of education records (or personally identifiable information contained therein other than directory information .,.) of students without the written consent of their parents to any individual, agency, or organization other than to the following [persons or entities not applicable here].”
20 U.S.C. § 1232g(b)(l),
The Advertiser does not dispute that the financial-aid form is an “education record” as that term is defined in FERPA.[4] There is no indication in the record that the students whose financial-aid forms were requested gave their consent to disclosure of the forms. Thus, unless an exception provides for the disclosure of the redacted financial-aid forms, the presumption of disclosure under the Open Records Act must yield to the protections afforded by FER-PA.
The Advertiser argues that the redacted financial-aid forms would provide the Advertiser with only students’ names and the sports in which those students participate. It is undisputed that, in this case, that information constitutes “directory information,” an exception to the nondisclosure provision set forth in § 1232g(b)(l). See 20 U.S.C. §§ 1232g(a)(5)(A) & 1232g(b)(l). However, the director argues that the redacted financial-aid forms will disclose more than directory information in that, he says, the requested financial-aid forms, even in their redacted condition, would disclose information regarding students’ financial aid and that FERPA prohibits disclosure of the financial-aid forms even in a redacted condition. We agree with the director.
*578 Each redacted financial-aid form would supply the Advertiser with the following information: the date the form was completed and/or submitted; the student’s name; the sport or sports in which the student participates; and the fact that the student’s athletic financial aid has been reduced or canceled. Thus, the Advertiser’s argument that disclosure of the redacted financial-aid forms would provide the Advertiser with only directory information is incorrect. Even as heavily redacted as the requested financial-aid forms would be under the trial court’s judgment, the very nature of the financial-aid form would provide the Advertiser with information related to the student’s financial aid—specifically, that the student referenced on the form has had his or her athletic financial aid reduced or canceled. Information regarding a student’s financial aid .is not “directory information” subject to disclosure under FERPA; rather, it is the very type of information FERPA was implemented to protect from disclosure. See Red & Black Publ’g Co. v. Board of Regents, 262 Ga. 848, 852, 427 S.E.2d 257, 261 (1993) (noting that FERPA was intended to protect records “relating to individual student academic performance, financial aid, or scholastic probation” (emphasis added)); Bauer v. Kincaid, 759 F.Supp. 575, 591 (W.D.Mo.1991) (noting that FERPA “expressly protects ... records relating to ... financial aid” and that those records “are quite appropriately required to be kept confidential”); and New York State Bar Ass’n v. F.T.C., 276 F.Supp.2d 110, 145 (D.C.Cir.2003) (noting that FER-PA governs the privacy of education records, including student financial-aid records ).
We commend the trial court for its efforts to comply with both FERPA and the Open Records Act by requiring ASU to redact the requested financial-aid forms in the manner it directed. However, the release of the redacted financial-aid forms to the Advertiser would nonetheless disclose information that is protected by FERPA, and the Advertiser did not argue that the release of the redacted financial-aid forms is authorized by any other exception in FERPA.[5] Because FERPA prohibits the very release of the redacted financial-aid forms and because FERPA takes precedence over the Open Records Act, the director is entitled to a summary judgment. Accordingly, we reverse the trial court’s summary judgment in favor of the Advertiser and remand the case for the trial court to enter a summary judgment in favor of the director.
REVERSED AND REMANDED.
STUART, BOLIN, PARKER, MURDOCK, SHAW, MAIN, and WISE, JJ., concur.

. According to the director’s brief, Kendrick resigned from his employment with ASU after this appeal was docketed, and his duties were assumed by Melvin Hines. Pursuant to Rule 43(b), Ala. R.App. P., Hines was automatically substituted for Kendrick as the appellant. Recognizing that the true appellant is whoever is employed as ASU’s director of compliance, we refer to the appellant as "the director" throughout this opinion.

. Those reasons include the following: "[r]en-dered him/herself ineligible for intercollegiate competition for any reason”; ”[d]id not satisfy the institution’s academic requirements for like scholarship or grant-in-aid”; ”[f]raudu-lently misrepresented information”; ”[e]n-gaged in serious misconduct warranting substantial disciplinary penalty”; "[v]oluntarily withdrew from the team for personal reasons”; “[rjeceived any outside aid that exceeded the value of the cost of attendance or affected their respective sport’s maximum award amounts/equivalences”; and ”[o]ther.”

. FERPA provides that it is a student’s parents who must consent to the release of education records regarding their child. 20 U.S.C. § 1232g(b)(l). However, the consent necessary for release is required from only the student once the student attains 18 years of age or is attending an institution of postsec-ondary education. 20 U.S.C. § 1232g(d); see 34 C.F.R. § 99.5(a)(1). Because ASU is a postsecondary educational institution, only the student's consent is required for release of the student's financial-aid form.

. FERPA defines "education records” as
“those records, files, documents, and other materials which—•
"(i) contain information directly related to a student; and
"(ii) are maintained by an educational agency or institution or by a person acting for such agency or institution.”
20 U.S.C. § 1232g(a)(4)(A).

. We recognize that FERPA provides that personally identifiable information from an education record may be disclosed if:
“The disclosure is in connection with financial aid for which the student has applied or which the student has received, if the information is necessary for such purposes as to:
“(A) Determine eligibility for the aid;
"(B) Determine the amount of the aid;
"(C) Determine the conditions for the aid; or
"(D) Enforce the terms and conditions of the aid.”
34 C.F.R. § 99.31(a)(4)(i). We interpret that section as allowing the disclosure of "personally identifiable information” if tire purpose of the disclosure is for one of the four reasons listed in § 99,31(a)(4)(i).